UNITED STATES of America,
Plaintiff–Appellee,

v.

Julius Randolph JOHNSON,
Defendant–Appellant.

No. 94–2244.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1994.

Decided Jan. 3, 1995.

Robert D. Richman, Minneapolis, MN, argued, for appellant.

Joseph T. Walbran, Minneapolis, MN, argued (Don W. Bakke, Legal Intern, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Julius Randolph Johnson appeals the sentence imposed upon him after he pleaded guilty to possession with intent to distribute cocaine base and using and carrying a firearm during a drug trafficking offense. On appeal, Johnson contends that the district court erred by assigning one point to his criminal history score based on a prior Minnesota state misdemeanor conviction for which he received a straight stay of imposition of sentence without an accompanying term of probation. We reverse and remand for resentencing.

## I. BACKGROUND

On October 20, 1993, a federal grand jury charged Julius Randolph Johnson in a two-count indictment with possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841 (Count I) and with using and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count II). Johnson pled guilty to both counts pursuant to a plea agreement.

The presentence report (PSR) calculated Johnson's total offense level on Count I to be 31 and his criminal history score to be 4, placing him in criminal history category III with a resulting sentencing range of 135 to 168 months of imprisonment. The PSR assigned one point to Johnson's criminal history score for a 1992 Minnesota state misdemeanor conviction for obstructing the legal process. As punishment for this misdemeanor conviction, Johnson received a stay of imposition of sentence for one year, *see* Minn.Stat.Ann. § 609.135(1) (West Supp. 1994), on the condition that he refrain from committing the same or similar offenses, after which time the case would be dismissed if no further offenses had been committed. The case was dismissed one year after the sentence was stayed because Johnson had not committed any further offenses.

At his federal sentencing hearing in the present case, Johnson objected to the addition of this one point to his criminal history score. The district court rejected Johnson's arguments, adopted the recommendations set forth in the PSR, and sentenced Johnson at the bottom of the identified Guidelines range to 135 months of imprisonment on Count I and imposed the mandatory 60-month consecutive sentence on Count II. Johnson appeals.

## II. DISCUSSION

The sole issue in this appeal is whether the district court erred in assigning the one criminal history point to Johnson's criminal history score on Count I under the United States Sentencing Commission

Guidelines Manual §§ 4A1.1(c) and 4A1.2(c)(1) (Nov. 1993) for his prior Minnesota state misdemeanor conviction for obstructing the legal process. Johnson contends that this prior conviction should not be used to calculate his criminal history score because: (1) due to the nature of a stay of imposition of sentence, he never actually received a sentence for this conviction; or alternatively (2) assuming this one-year period is considered to be a sentence in itself, such a sentence does not fall within the meaning of "probation" as that term is found in U.S.S.G. § 4A1.2(c)(1). We review factual determinations made by the district court under the clearly erroneous standard while the application of a Guidelines provision to the facts of the case presents an issue of law which we review de novo. *United States v. Frieberger*, 28 F.3d 916, 918 (8th Cir.1994).

As a threshold matter, the government observes that even if Johnson's criminal history category is determined to be II rather than III, his sentence of 135 months of imprisonment falls within the lower of the two applicable Guidelines ranges.[1] The government argues that the sentencing court deliberately chose a sentence that fell within both ranges and indicated at sentencing that the same sentence would be imposed if Johnson's arguments concerning his criminal history score later prevailed and he was placed in category II. Therefore, the government contends that under our prior case law, Johnson's sentence is unreviewable.

We have previously emphasized that a sentence which falls within two arguable Guidelines ranges is unreviewable only under circumstances where "it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed." *United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir.1992); *see also United States v. Kloor*, 961 F.2d 1393, 1394 (8th Cir.1992). After thoroughly reviewing the record, we believe that it is far from clear that the district court would im-

---

1. If the disputed point were subtracted from Johnson's criminal history score, reducing it to 3, he would be placed in criminal history catego-

ry II and subject to a sentencing range of 121–151 months of imprisonment.

pose the same sentence in this case if Johnson's criminal history category was determined to be II. The district court acknowledged that Johnson's sentence fell within an area of overlap between the two arguably applicable Guidelines ranges, but it expressly declined the government's invitation to state on the record that it would impose the same sentence if Johnson's arguments concerning his criminal history category later prevailed.[2] Thus, Johnson's sentence is reviewable, and we proceed to the merits of his arguments.

U.S.S.G. § 4A1.2(c)(1) provides that certain enumerated prior misdemeanor offenses are to be calculated in a defendant's criminal history score if "the sentence [imposed for the offense] was a term of probation of at least one year." U.S.S.G. § 4A1.2(c)(1). Johnson concedes that his conviction for obstructing the legal process is within the meaning of U.S.S.G. § 4A1.2(c)(1). *See* U.S.S.G. § 4A1.2(c)(1) ("[h]indering or failure to obey a police officer" countable). Johnson also concedes that the term of the stay of imposition of sentence was one year in duration. Therefore, we need only determine if the stay of imposition of sentence was: (1) a "sentence" within the meaning of U.S.S.G. § 4A1.2(c)(1) and if so, (2) whether such sentence falls within the meaning of "probation" in that Guidelines provision.

Johnson first argues that he did not receive a "sentence" within the meaning of U.S.S.G. § 4A1.2(c)(1) for his prior misdemeanor conviction because the state sentencing judge did not impose a fine, imprisonment, or a combination thereof pursuant to Minn.Stat.Ann. § 609.125 (West Supp.1994), the governing Minnesota statute for misdemeanor sentences.[3] Rather, the sentencing judge chose to stay imposition of sentence entirely, a procedure authorized by Minn. Stat.Ann. § 609.135(1). Johnson reasons that because the state court refrained from imposing a sentence upon him for a period of one year and then dismissed the case, the effect was as if no sentence was imposed at all. Thus, U.S.S.G. § 4A1.2(c)(1), which by its terms expressly requires a "sentence" in order to apply, is inapposite in this case.

■ We reject this reasoning. U.S.S.G. § 4A1.2(a) defines what is a prior sentence for criminal history purposes. Section 4A1.2(a)(3) clearly states that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." Section 4A1.1(c) would assess one point for a sentence for which imposition of sentence was stayed. Hence, Johnson's argument that his stayed sentence is not a "prior sentence" under the Sentencing Guidelines is answered by the Guidelines themselves. The real issue is not whether Johnson's prior stayed sentence is a "prior sentence," but rather whether or not it is a "countable" sentence under the Guidelines. *See* Application Note 3 to U.S.S.G. § 4A1.1 ("Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. *See* § 4A1.2(c)(1).") As

---

**2.** The following excerpts from the sentencing hearing illustrate this point:

MR. WALBRAN [Prosecutor]: ... I urge the Court to find that whatever sentence you impose would have been what you would have imposed for this defendant because of what he did—regardless of this one point controversy.

THE COURT: The Court will note here that, if the Court had found that the criminal history category was Roman Numeral II, that would have led the Court to believe that the proper calculation with a total offense level, would be that the defendant could receive from 121 to 151 months [of] imprisonment, five years of supervised release, a fine of fifteen thousand to four million dollars plus costs of imprisonment or supervision, and a one hundred dollar special assessment.

*Although I am not going to make a particular finding that the Court would have sentenced Mr.*

*Johnson to the same sentence,* it is very obvious from the sentence that I am about to announce that it falls within the guidelines under both a finding of criminal history category III or criminal history category II.

(Sent. Tr. at 19, 27–28) (emphasis added).

**3.** This provision is entitled "Sentence for misdemeanor or gross misdemeanor" and states in pertinent part:

Upon conviction of a misdemeanor or gross misdemeanor the court, if sentence is imposed, may, to the extent authorized by law, sentence the defendant:
 (1) to imprisonment for a definite term; or
 (2) to payment of a fine, or to imprisonment for a specified term if the fine is not paid; or
 (3) to both imprisonment for a definite term and payment of a fine....

Minn.Stat.Ann. § 609.125.

noted above, Johnson's prior sentence is countable only if his sentence was one of "probation" for at least one year. Accordingly, we proceed to analyze whether the disposition of Johnson's case falls within the meaning of "probation" under U.S.S.G. § 4A1.2(c)(1).

Johnson contends that where imposition of sentence is stayed, without an accompanying term of probation, such disposition does not constitute a sentence of probation under U.S.S.G. § 4A1.2(c)(1). He observes that under Minnesota law, the trial court had the discretion to sentence him to formal or informal probation as a condition of staying imposition of his sentence, but chose to do neither and thus his sentence falls short of "a term of probation" under U.S.S.G. § 4A1.2(c)(1). We agree.

■ Under Minnesota law, with certain exceptions not relevant here, a sentencing court:

> may stay imposition or execution of sentence and (a) may order intermediate sanctions without placing the defendant on probation or (b) may place the defendant on probation with or without supervision and on the terms the court prescribes, including intermediate sanctions when practicable.

Minn.Stat.Ann. § 609.135(1). The plain language of the statute, through use of the term "may," allows, but does not require, a sentencing court to impose a term of probation along with staying imposition of sentence. See State v. Dyer, 438 N.W.2d 716, 720 (Minn.Ct.App.1989) (sentencing court "may" order term of probation as condition for staying imposition of sentence). We note that when a sentencing court merely stays imposition of sentence without ordering an accompanying term of probation of any kind, the resultant sentence, a sort of judicial limbo, is necessarily more lenient than a disposition in which a term of probation is ordered to accompany the stay of imposition of sentence.

■ To interpret probation under U.S.S.G. § 4A1.2(c)(1) as encompassing a circumstance in which the sentencing court had the discretion to impose a term of probation but declined to do so, would depart from the plain language of § 4A1.2(c)(1), which explicitly requires "a term of probation." Johnson was required to avoid further similar offenses as a condition of a stay of imposition of sentence, but this does not elevate the disposition to a de facto term of probation given the fact that the sentencing court did not impose this requirement as "a term of probation." See Minn.Stat.Ann. § 609.135(1) (sentencing court may impose probation "on the terms court prescribes"). On the basis of this unique Minnesota sentencing scheme, which grants a sentencing judge the discretion to impose a term of supervised or unsupervised probation as a condition of a stay of imposition of sentence, we hold that a straight stay of imposition of sentence without an accompanying term of probation of any kind is not a sentence of probation under U.S.S.G. § 4A1.2(c)(1).

The government argues that the stay of imposition of sentence Johnson received is similar to a sentence of conditional discharge under Illinois law which the Seventh Circuit has held to fall within the ambit of probation under U.S.S.G. § 4A1.2(c)(1). See United States v. Caputo, 978 F.2d 972, 977 (7th Cir.1992); see also United States v. Scott, 19 F.3d 1238, 1246 (7th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 163, 130 L.Ed.2d 101 (1994). In Caputo, the defendant was sentenced to a term of conditional discharge instead of formal probation for an Illinois misdemeanor conviction. 978 F.2d at 976. The court observed that the only distinction between sentences of formal probation and "conditional discharge" under Illinois law is that in the former the defendant is monitored by a probation officer, while in the latter no such supervision is provided. Id. at 976–77. The court also noted that a sentence of conditional discharge was created under Illinois law "as a way of coping with the shortage of probation officers." Id. at 976–77. In holding that a conditional discharge constitutes probation under U.S.S.G. § 4A1.2(c)(1), the court stated that a "conditional discharge" is "probation without the probation officer and that is a distinction without a difference so far as the purposes of the guideline[s] [are] concerned." Id. at 977. We recently

adopted this reasoning in *United States v. Lloyd,* 43 F.3d 1183, 1187–88 (8th Cir.1994).

These cases are readily distinguishable from the present case because under Illinois law no discernible difference exists concerning the nature and degree of punishment between sentences of conditional discharge and formal probation. An Illinois defendant sentenced to a term of conditional discharge is subject to the same restrictions as a defendant sentenced to formal probation; the only difference lies in that the conditionally discharged defendant is not formally monitored by a probation officer. Under Minnesota law, a stay of imposition of sentence may be imposed either with or without a term of probation. A stay of imposition of sentence with an attendant term of either supervised or unsupervised probation is certainly a more exacting penalty than a like sentence without a term of probation due to the additional probationary restrictions. Johnson received the latter—he was not sentenced to probation of any kind.

We conclude that the district court erred in assessing one point to Johnson's criminal history score for his prior misdemeanor offense of interference with the legal process. Therefore, we reverse and remand this case for resentencing without including the Minnesota misdemeanor conviction in the calculation of Johnson's criminal history score.