Lawrence A. WAJDA, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

Lawrence A. WAJDA, Plaintiff–Appellant,

v.

U.S. PAROLE COMMISSION,
Defendant–Appellee.

Nos. 94–4037, 95–1002.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1995.

Decided Aug. 24, 1995.

Virginia G. Villa, Asst. Fed. Public Defender, Minneapolis, MN, for appellant.

Margaret H. Chutich, Asst. U.S. Atty., Minneapolis, MN, for appellee.

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

HANSEN, Circuit Judge.

This matter involves the consolidation of two appeals. In the first appeal, Lawrence A. Wajda challenges the district court's [1] denial of his 28 U.S.C. § 2255 motion in which he alleged that his trial counsel was ineffective. In the second appeal, Wajda challenges the district court's [2] denial of his application for a writ of habeas corpus under 28 U.S.C. § 2241 in which he argued that he was entitled to a credit on his current term of imprisonment for a parole violation for time that he was erroneously required to serve on his original sentence. We affirm.

## I.

In May of 1986, Wajda was sentenced to a ten-year term of imprisonment for several drug convictions. The United States Parole Commission determined a parole guideline range of 52–64 months. In April of 1990, while serving that sentence, Wajda filed a petition for a writ of habeas corpus, alleging that the United States Parole Commission had erroneously calculated his parole guideline range. The district court determined that the Parole Commission had erroneously included a prior conviction and sentence in establishing this range and remanded the matter to the Parole Commission to reconsider the case in light of the corrected facts. After the Parole Commission again determined that this conviction should be used to calculate Wajda's parole guideline range, the district court again remanded the matter to the Parole Commission. The Parole Commission reevaluated Wajda's case, corrected his guideline range to 40–52 months, and because Wajda had already served 55 months, ordered that he be released on parole immediately.

In 1992, while still on parole from the 1986 drug convictions, Wajda pleaded guilty to possession of cocaine with intent to distribute (count I) and distribution of cocaine (count II). The district court sentenced Wajda at the bottom of the identified Sentencing Guidelines range to concurrent terms of 30 months of imprisonment (offense level 15, criminal history score 7, criminal history category IV yields a sentencing range of 30–37 months). The court assessed one point to Wajda's criminal history score for a 1982 Minnesota state conviction for assaulting a police officer. On direct appeal, we rejected Wajda's argument that the district court erred in assessing this point to his criminal history score without conducting an evidentiary hearing to determine whether the charge resulted in a conviction or was dismissed. *United States v. Wajda,* 1 F.3d 731, 732–33 (8th Cir.1993). We held that, because Wajda's attorney failed to object at sentencing, the inclusion of this point in Wajda's criminal history score did not constitute plain error. *Id.* at 733.

Wajda subsequently filed this 28 U.S.C. § 2255 motion, claiming that his counsel was ineffective for failing to object to the inclusion of this point in his criminal history

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

2. The Honorable David S. Doty, adopting the report and recommendation of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota.

score. The district court determined that counsel did not render ineffective assistance and denied Wajda's motion. Wajda appeals from the denial of this motion.

In the meantime, based upon Wajda's 1992 drug convictions, the Parole Commission issued a parole violator warrant against him. After holding a revocation hearing, the Parole Commission revoked Wajda's parole. The Commission determined that Wajda's reparole guideline range was 26–34 months and ordered that he be reparoled after serving 34 months. This term of imprisonment was to be served concurrently with the sentence for the 1992 drug convictions.

Wajda then brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that he should be given credit against the 34–month term for the three months' "excess time" that he served before being paroled for his 1986 drug convictions. The district court denied this claim, and Wajda appeals from this denial.

## II.

### A.

Wajda argues in his 28 U.S.C. § 2255 motion that his counsel was ineffective at the sentencing proceeding for his 1992 drug convictions. Specifically, he argues that his counsel was ineffective for failing to object to the inclusion in his criminal history score of the 1982 assault conviction.[3] The district court determined that counsel's performance was not deficient by failing to object, and even assuming that it was, Wajda was not prejudiced by the deficiency.

■ Wajda's ineffective assistance of counsel claims must be analyzed under the familiar framework articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance under *Strickland*, a claimant must demonstrate "that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." 466 U.S. at 687, 104 S.Ct. at 2064.

In assessing counsel's performance, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. However, this presumption is inappropriate if counsel's strategic decisions are made after an inadequate investigation. *Laws v. Armontrout*, 863 F.2d 1377, 1384–85 (8th Cir.1988) (en banc), *cert. denied*, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). With respect to the prejudice prong, we ask whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

■ The fulcrum for Wajda's ineffective assistance argument is our recent opinion in *United States v. Johnson*, 43 F.3d 1211 (8th Cir.1995). In *Johnson*, we held that a stay of imposition of sentence under Minnesota law without an accompanying term of probation is not a sentence which may be included in calculating a defendant's criminal history score. *Id.* at 1215. Wajda argues that his sentence for the 1982 assault conviction was identical to the one the *Johnson* defendant received, in that his (Wajda's) sentence was stayed and then dismissed after one year because he committed no further criminal violations during that period. Therefore, according to Wajda, his counsel was ineffective by failing to object to the inclusion in his criminal history score of the one point based on the 1982 assault conviction. We disagree.

First, we do not believe that counsel's performance was deficient by failing to object or contest to the inclusion of this point in calculating Wajda's criminal history score. Counsel's failure to object did not stem from any lack of investigation; rather, as we observed in Wajda's direct appeal, counsel had initially planned to file an objection to the inclusion of this point but, after further review, concluded that the inclusion of the point in Wajda's criminal history score was proper. *Wajda*, 1 F.3d at 732. The record is clear that counsel made a complete investigation and after doing so, declined to object to the addition of

---

3. Without the disputed point in his criminal history score, Wajda's score of 6 places him in criminal history category III which, together with his offense level of 15, would subject him to a sentencing range of 24–30 months.

this point. More importantly, *Johnson* was decided in 1995 while Wajda's direct appeal was completed in 1993. Counsel could not be expected to make a *Johnson*-type of argument before *Johnson* was decided; counsel's performance is not deficient by failing to predict future developments in the law. *See Randolph v. Delo*, 952 F.2d 243, 246 (8th Cir.1991) (counsel not ineffective by failing to make *Batson* challenges before *Batson* was the law), *cert. denied*, 504 U.S. 920, 112 S.Ct. 1967, 118 L.Ed.2d 568 (1992); *Johnson v. Armontrout*, 923 F.2d 107, 108 (8th Cir.) (counsel not ineffective by failing to make *Batson* claim on appeal when brief filed before *Batson* was decided; counsel not expected to anticipate future changes in the law), *cert. denied*, 502 U.S. 831, 112 S.Ct. 106, 116 L.Ed.2d 75 (1991).

In any event, Wajda has failed to demonstrate any prejudice as a result of his counsel's alleged shortcomings. After carefully examining the record, the district court found that "the sentencing decision would have been the same even if the petitioner's counsel had objected to the inclusion of the 1982 conviction." (Appellant's Addend. at A–2.) Even if the district court had accepted Wajda's argument to exclude the challenged point, Wajda still could have been sentenced and would have been sentenced to a term of imprisonment of 30 months. Finally, Wajda has failed to offer any proof that his "stayed" sentence was the same as *Johnson*'s, i.e., a stay of sentence without an accompanying term of probation.[4]

For these reasons, we reject Wajda's claim that his counsel was ineffective by failing to object to the inclusion of one point in Wajda's criminal history score for his 1982 assault conviction.

### B.

■ Wajda argues in his 28 U.S.C. § 2241 petition that he is entitled to relief from his 34–month term of imprisonment that the Parole Commission imposed upon him for a parole violation. He claims that due to the Parole Commission's errors in calculating his parole guideline range after his 1986 convictions, he was required to serve an extra three months in prison, and that accordingly, he is entitled to a three-month credit against his present parole violator term. The district court agreed with the magistrate judge's conclusion that the court lacked jurisdiction to consider this claim because the number of months within the parole guideline range that an individual must serve is a matter of discretion which lies solely with the Parole Commission and is unreviewable by a federal court.

■ We have previously held that a federal court lacks jurisdiction to review a substantive decision of the United States Parole Commission. *Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1182–83 (8th Cir. 1990). A Parole Commission decision is substantive, and hence unreviewable, if it " 'involves the exercise of judgment among a range of possible choices or options.' " *Id.* at 1184 (quoting *Wallace v. Christensen*, 802 F.2d 1539, 1552 (9th Cir.1986)). However, a federal court retains jurisdiction to determine whether the Commission exceeded its statutory authority or violated the Constitution in making a decision. *Id.* at 1184 & n. 15.

In this case, the 34 months of imprisonment the Parole Commission ordered Wajda to serve for his parole violation falls squarely within the reparole guideline range of 26–34 months. The Parole Commission's decision concerning what term of imprisonment within the reparole guideline range Wajda should serve involves an exercise of judgment among a range of several permissible options and is therefore unreviewable. *See Marshall v. Lansing*, 839 F.2d 933, 949–50 (3d Cir. 1988) (parole decision at top of parole guidelines reserved solely to agency's discretion and is unreviewable by courts); *Wallace*, 802 F.2d at 1550–53 (court has jurisdiction to address Parole Commission decision outside

---

4. Apparently the records of Wajda's 1982 assault conviction and sentence have been destroyed. However, as the experienced district judge observed, Wajda declined to raise this issue in his 1990 habeas petition challenging the duration of his confinement for his 1986 drug convictions, but rather presented this issue for the first time in this petition after the records had been destroyed.

of the parole guidelines but decision within the parole guidelines involves matter of discretion reserved for Commission).

Wajda argues that his claim is reviewable because the Commission's failure to grant him a three-month credit against his current sentence is a "continuing constitutional violation." He contends that the Parole Commission is furthering its alleged prior unconstitutional confinement of him because he was sentenced at the top of the parole guidelines for his current parole violation, and he previously served an extra three months on his initial prison term; thus the total time that he will serve in prison exceeds that which would be permitted if the two terms were added together.

■ However, Wajda cites no constitutional provision, statute, or regulation that requires the Commission to reduce his present parole violator term to compensate for the prior time that he was erroneously required to serve. Moreover, habeas relief under § 2241 is sometimes incomplete relief in that its function is to obtain release from the duration or fact of present custody; the statute does not provide for compensation for previous time erroneously served. *See Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir.1994). In any event, as noted above, we believe that the Commission's decision as to the term that Wajda should serve for violating his parole is a matter committed to the discretion of the Parole Board. Whatever equitable consideration Wajda may have been entitled to because of the length of his prior confinement was a factor for the Parole Commission to weigh when it determined his present parole violation sentence. Therefore, we dismiss Wajda's appeal from the denial of habeas corpus relief under 28 U.S.C. § 2241 because we lack jurisdiction over the claims he asserts therein.

## III.

For the reasons enumerated above, we affirm the judgment of the district court.