# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1468

_____

| | |
|---|---|
| Steven W. Brown, | * |
| | * |
| Petitioner - Appellant, | * |
| | * |
| v. | *    Appeal from the United States |
| | *    District Court for the |
| United States of America, | *    Western District of Missouri |
| | * |
| Respondent - Appellee. | * |
| | * |

_____

Submitted:   September 12, 2002

Filed:    December 2, 2002

_____

Before MORRIS SHEPPARD ARNOLD and SMITH, Circuit Judges, and BOGUE,[1] District Judge.

_____

SMITH, Circuit Judge.

Steven W. Brown ("Brown") appeals a decision of the District Court,[2] denying his federal habeas corpus petition. *See* 28 U.S.C. §2255. The issue we address is

___

[1] The Hon. Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2] The Hon. Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

whether a federal prisoner may claim ineffective assistance of counsel under § 2255 if his sentencing counsel failed to make an argument like the one that was successful in *Apprendi v. United States*, 530 U.S. 466 (2000). We affirm.

I.

On April 3, 1997, federal authorities charged Brown with conspiracy to distribute crack cocaine (violating 21 U.S.C. §846) and possession with intent to distribute crack cocaine (violating 21 U.S.C. §841(a)(1)). The indictment did not specify a particular amount of crack cocaine. A jury convicted Brown, but made no findings as to the quantity of drugs involved. The District Court sentenced Brown to concurrent 360 month sentences on January 30, 1998, for his offenses.

This Court affirmed the conviction on September 9, 1998. *United States v. Brown*, 156 F.3d 813 (8th Cir. 1998). However, we reversed and remanded for re-sentencing, holding that the trial court erred in finding a greater quantity of cocaine than demonstrated by the evidence and in not specifying its reasons for doing so. On remand, the District Court made specific findings justifying its sentence and its reasons for rejecting the Government's concession as to the amount of narcotics. The District Court again sentenced Brown to concurrent 360 month sentences in March of 1999. This Court then affirmed the re-sentencing on January 26, 2000. *United States v. Brown*, 205 F.3d 1348 (8th Cir. 2000) (table).

On January 23, 2001, Brown filed a pro se habeas petition based upon 28 U.S.C. §2255. The District Court denied relief on December 20, 2001, without a hearing. Brown then filed a pro se notice of appeal, which the District Court construed as a petition for a certificate of appealability ("certificate"). The District Court granted a certificate on the question of whether Brown's counsel was ineffective for failing to object to a sentence in excess of the maximum penalty range.

II.

Both sides agree–at no time in Brown's two sentencing hearings and sentencing appeals did his counsel argue either: (1) that the jury had not considered the amount of cocaine base involved, or (2) that he was being sentenced beyond the statutory maximum without jury consideration. A few months after Brown's main criminal proceedings had concluded, the United States Supreme Court decided *United States v. Apprendi*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that any factor, other than a prior conviction, which increased a sentence beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Petitioner, citing *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), argues that the failure of his counsel to raise these issues during his criminal proceedings presents a deficient performance of counsel in violation of the Sixth Amendment. In *Moss*, we held that an *Apprendi*-type argument not raised on direct appeal could not be raised in a petition for habeas corpus relief because it had been reasonably available in the first appeal.

In response, the Government puts forth two reasons for rejecting Brown's argument. First, the Government urges that the argument is precluded because the *Apprendi* rule does not apply retroactively to attack collaterally the validity of an existing conviction. While this is a correct statement of the law, it does not apply to this case. *Moss*, 252 F.3d at 997. In *Moss*, this Court held that the *Apprendi* rule was not a "watershed rule"[3] allowing retroactive application. *Id.* Brown is not raising *Apprendi* to seek its retroactive application for collateral relief. Rather, Brown is arguing that his counsel performed ineffectively because he failed to make an "*Apprendi*-like" argument during Brown's proceedings. In that Brown seeks no relief

---

[3]A watershed rule implicates both the accuracy and fundamental fairness of criminal proceedings. *Teague v. Lane*, 489 U.S. 288 (1989).

based upon *Apprendi*, the Government's first basis for denying Brown's relief is inappropriate.

Second, the Government argues that Brown's claim should be denied because he fails to show his counsel's performance was ineffective under the *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* test, in order to demonstrate ineffective assistance of counsel, Brown must show: (1) that counsel's performance was lacking—so lacking in fact that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment—and (2) that the deficient performance prejudiced the defense. *Id.* at 687.

Brown's argument fails the *Strickland* test. Brown's counsel was not constitutionally deficient. Under the Constitution, a defendant is only guaranteed adequate, not exceptional counsel. *See Strickland*, 466 U.S. at 688 ("[T]he proper standard for attorney performance is that of reasonably effective assistance.") So, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."[4] *Id.* at 688–89.

Brown insists that his attorney's performance fell below that objective standard. Brown's argument is based upon this Court's opinion in *Moss*,[5] which held that an

---

[4]As this Court has noted previously, this is a heavy burden. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "With respect to attorney performance, [this Court] must determine whether, in light of all the circumstances, the lawyer's performance was outside the range of professionally competent assistance." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997) (citations omitted).

[5] The Court in *Moss* held:

[A]lthough the argument was not rekindled by defense counsel until after *Jones* [*v. United States*, 526 U.S. 227 (1999)]*,* the fact that it was

*Apprendi*-type claim was reasonably available prior to the Supreme Court's decision. Brown attempts to apply the language from *Moss* to the facts of his case and now argues that his counsel's failure to have made an *Apprendi*-type argument prior to the *Apprendi* decision constituted ineffective assistance of counsel. We reject Brown's argument. Instead, we hold that his counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance. *See Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law."); *see also United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) (noting that an ineffective assistance of counsel argument premised on counsel's failure to anticipate *Apprendi* would be untenable); *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (Carnes, J., concurring) (on petition for rehearing en banc) (stating that "our circuit law completely forecloses the contention that an attorney's failure to anticipate the *Apprendi* decision is ineffective assistance"). Thus, counsel's representation in this matter cannot be said to fall below an objective standard of reasonableness simply because the court in *Moss* found that an *Apprendi*-type challenge was reasonably available. Having found his counsel's performance adequate, we need not address the issue of prejudice under the second prong of the *Strickland* test.

Accordingly, for the foregoing reasons, we affirm the judgment of the District Court.

---

raised extensively in the past, and explicitly addressed by this court previously, precludes a conclusion that the argument was "novel" and therefore unavailable because it was intellectually unascertainable.

*Moss*, 252 F.3d at 1002.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.