**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

VICTOR M. GONZALEZ
VAZQUEZ,
*Defendant-Appellant*.

No. 11-30176

D.C. No.
2:10-cr-00324-
RAJ-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted
July 13, 2012—Seattle, Washington

Filed June 18, 2013

Before: Mary M. Schroeder, Andrew J. Kleinfeld,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Kleinfeld

## SUMMARY[*]

### Criminal Law

The panel affirmed a jury conviction and vacated a sentence for possession with intent to distribute methamphetamine, in a case in which the defendant argued that the district court should have ordered the government to comply with a plea agreement for safety-valve or minor-participant sentencing and should not have assigned a criminal history point to his prior Washington state conviction for driving with a suspended license.

The panel held that the record supports the district court's finding that no agreement was made, and concluded that there is no evidence of any promise upon which the defendant relied to his detriment.

The panel held that the district court erred in treating the defendant's suspended sentence for the prior conviction as a "sentence of probation of more than one year" under U.S.S.G. § 4A1.2(c)(1)(A), where the conditions of the defendant's suspended incarceration did not limit or require any conduct beyond that of a law abiding individual.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Sharon J. Blackford, Sharon Blackford PLLC, Seattle, Washington, for Defendant-Appellant.

Andrew C. Friedman, Assistant United States Attorney, Seattle, Washington, for Plaintiff-Appellee.

## OPINION

KLEINFELD, Senior Circuit Judge:

We address enforcement of a plea bargain and the effect of a prior Washington sentence under the federal sentencing guidelines.

### Facts

Gonzalez Vazquez was found guilty by a jury of possession with intent to distribute methamphetamine,[1] and sentenced to 144 months imprisonment. He argues that the court should have ordered the government to comply with a plea agreement for safety valve or minor participant sentencing, and that his guidelines calculation should not have been adjusted upward for a 2008 conviction for driving with a suspended license.

Gonzalez Vazquez was pulled over for a routine driving stop in September 2010, but could not produce his registration and proof of insurance, and his license was

---

[1] 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

suspended. He was arrested, and his van was impounded. After his own remarks and a dog sniff suggested drugs, the police got a search warrant and found a bag of methamphetamine and a drug ledger. His fingerprints were found on both.

Before trial, Gonzalez Vazquez's attorney and the prosecutor exchanged numerous emails over a period of several months about a possible plea agreement. In November 2010, the prosecutor offered an agreement, "approved by my higher ups." If executed, the plea agreement would have provided Gonzalez Vazquez with a shorter sentence than that which he ultimately received, although it would have also required him to plead guilty to certain charges which, ultimately, he was not convicted of. This proposal was never agreed to. On December 28, the prosecutor described two other possible plea options, but wrote "I caution however that I would still need to clear this with my chain of command." The central focus of the negotiations was the possibility of "safety valve" relief to avoid a statutory mandatory minimum sentence.[2] The

---

[2] 18 U.S.C. § 3553(f) ("[I]n the case of an offense under [21 U.S.C. § 841], the court shall impose a sentence pursuant to [the sentencing] guidelines . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that– (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise . . . ; and (5) not later than the time of the sentencing hearing, the defendant has truthfully

prosecutor made clear that he did not yet have supervisory approval of any deal. Eligibility for the "safety valve" would depend on the "proffer interview." The interview, in March 2011, went badly. Gonzalez Vazquez was asked how he happened to have a backpack in the van he was driving containing ammunition and almost a pound of methamphetamine. He said a man he met at a party had told him he could drive the van, it was not his backpack, and he was merely an innocent victim of circumstance. The prosecutor and the Immigration and Customs Enforcement agent told Gonzalez Vazquez they did not believe the man would leave $20,000 worth of methamphetamine in a van in a parking lot and let Gonzalez Vazquez drive it even after he had told the man his license was suspended. After the proffer interview, the prosecutor offered a less favorable deal, but Gonzalez Vazquez never agreed to it. The district court made a finding of fact that "it's abundantly clear that the parties never reached any final understanding of the terms or conditions of the negotiations."

At sentencing, the district court increased Gonzalez Vazquez's criminal history score by one point, which had the effect of raising him to a higher criminal history category. A criminal history score of 0-1 points would have put him in Criminal History Category I. A score of 2 points raised him up to Criminal History Category II. He has one point that no one disputes for a 2008 methamphetamine possession

provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.").

conviction. The conviction at issue was for driving while his license was suspended. The judgment is not in the record. All the district court had was the statement in the presentence report that he had been convicted in Everett, Washington Municipal Court for driving while license suspended, had pleaded guilty, and that his May 2008 sentence was as follows:

> 90 days custody imposed with 84 days suspended for 24 months; $873 fine; no similar violations; no driving without license and insurance.

As we explain below, the guidelines generally do not count sentences for driving with a suspended license, and various other minor offenses, unless the sentence was probation for more than a year or imprisonment of at least 30 days. Gonzalez Vazquez argues that the 2008 suspended sentence should not have been counted.

### Analysis

### I.   The plea agreement.

We begin with the district court's finding of fact, that no agreement was made. "[I]t's abundantly clear that the parties never reached any final understanding of the terms or conditions . . . ." We review findings of fact in sentencing for clear error.[3] The record amply supports the finding.

"Even if the agreement has not been finalized by the court, '[a] defendant's detrimental reliance on a prosecutorial

---

[3] *United States v. Jennings*, 711 F.3d 1144, 1146 (9th Cir. 2013).

promise in plea bargaining could make a plea agreement binding.'"**[4]** The defense theory in this case is that Gonzalez Vazquez subjected himself to the proffer interview in reliance on the prosecutor's promise that even if the proffer was not believed the government would argue for a sentence within a 63–to–78 month range, in exchange for guilty pleas to methamphetamine, ammunition, and immigration crimes and an agreement that Gonzalez Vazquez would not ask the court for safety valve relief. But the prosecutor expressly "caution[ed] that I would still need to clear this with my chain of command."

We can find nothing in the record to suggest that the prosecutor's supervisors ever approved this possible deal. Instead, the emails show continuing negotiations about varying possible deals over the next few months. There is not evidence of any promise (as opposed to a unilateral hope) upon which Gonzalez Vazquez relied to his detriment.

## II. The sentence.

The more difficult question in this case is the additional point added to Gonzalez Vazquez's criminal history computation because of his driving with a suspended license conviction. The sentencing matrix under the guidelines uses the horizontal axis for criminal history, the vertical axis for the seriousness of the offense.**[5]** Two points generate a one-

---

**[4]** *United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir. 1992) (quoting *McKenzie v. Risley*, 801 F.2d 1519, 1527 (9th Cir.1986)).

**[5]** *See* U.S.S.G. Chap. 5, Part A, Sentencing Table.

level increase in criminal history.**[6]**   That has a substantial impact on the sentencing range, raising it in this case from 188–235 months to 210–262 months.  The general philosophy of the guidelines regarding criminal history is that a defendant with a record of prior criminal conduct is more culpable, more likely to commit further crimes, less likely to be rehabilitated, and that general deterrence requires harsher sentences for recidivists.**[7]**  But quite a few misdemeanors and petty offenses can, in some circumstances, be excluded from this calculation.  In particular, sentences for driving with a suspended license are counted, where the federal conviction is dissimilar as it is here, only if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days."**[8]**

Gonzalez Vazquez argues that the district court ought not to have added a point for this prior offense, because he was sentenced neither to a term of probation nor to imprisonment for at least thirty days.  The district court accepted the view of the probation officer and the prosecution that his sentence amounted to probation, generating the point.  We review interpretation of the guidelines and inclusion of a prior conviction for criminal history purposes de novo.**[9]**

To the extent we know what Gonzalez Vazquez's sentence was (the record includes only the quotation or

---

**[6]** *Id.*

**[7]** U.S.S.G. Chap. 4, Part A, Introductory Commentary.

**[8]** U.S.S.G. § 4A1.2(c)(1)(A) (2010).

**[9]** *United States v. Lichtenberg*, 631 F.3d 1021, 1024 (9th Cir. 2011); *United States v. Laurienti*, 611 F.3d 530, 551 (9th Cir. 2010).

paraphrase in the presentence report, not the Washington municipal court judgment), it did not include the word "probation." The judge did not say he was imposing any sort of probation. The government does not argue to the contrary. Instead, it argues that Gonzalez Vazquez's suspended sentence ought to be treated as a sentence of probation.

Probation often includes conditions such as regular reporting to the probation officer, not leaving the jurisdiction without permission from the probation officer, refraining from alcohol, and other restraints designed to regulate the individual's conduct more narrowly than the conduct of persons not convicted of the crime. For example, the standard conditions of probation in federal cases include "the defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer,"[10] "the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons,"[11] and "the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer,"[12] in addition to whatever special conditions the district judge imposes. Law abiding people generally may travel where they want, need not report to any government official when they do, may drink appropriately, and in general may do or not do what they like within the law. Probationers often lose these liberties. Washington, like

---

[10] U.S.S.G. § 5B1.3(c)(1).

[11] U.S.S.G. § 5B1.3(c)(5).

[12] U.S.S.G. § 5B1.3(c)(9).

other states and the federal government, hires professional probation officers to perform continuing supervision of offenders who are not incarcerated.[13]

Gonzalez Vazquez was not subject to those sorts of conditions. The conditions of his suspended 84 days of incarceration were merely that he commit "no similar violations; no driving without license and insurance." Those conditions did not restrain his conduct any more than anyone else's. No one, not even the policeman who stopped him or the judge who sentenced him, or us, may drive in Washington on a suspended license, or without a driver's license, or without insurance.[14] The significance of the conditions placed on Gonzalez Vazquez was that he was subject to a recidivism penalty of another 84 days of incarceration if he committed these illegal acts within two years, in addition to whatever sentence he might receive for the subsequent

---

[13] *See, e.g.*, Wash. Rev. Code § 72.04A.050 ("The powers and duties of the state board of prison terms and paroles, relating to . . . the supervision of persons placed on probation by the courts . . . are transferred to the secretary of corrections."); *id.* at § 72.09.050 ("The secretary may employ persons to aid in performing the functions and duties of the department [of corrections]."); *id.* at § 36.01.070 (authorizing counties to "engage in probation and parole services and employ personnel therefor under such terms and conditions as any such county shall so determine").

[14] Wash. Rev. Code § 46.20.342(1) ("It is unlawful for any person to drive a motor vehicle in this state while that person is in a suspended or revoked status or when his or her privilege to drive is suspended or revoked in this or any other state."); *id.* at § 46.20.005 ("[I]t is a misdemeanor for a person to drive any motor vehicle upon a highway in this state without a valid driver's license issued to Washington residents under this chapter."); *id.* at § 46.30.020(1)(a) ("No person may operate a motor vehicle . . . in this state unless the person is insured under a motor vehicle liability policy . . . .").

offense.  His conditions did not in the slightest limit or require any conduct beyond that of a law abiding individual. All they affected was the subsequent penalty for subsequent misconduct that would have been misconduct for anyone.

The sentence Gonzalez Vazquez received, to the extent we know from the record what it was, did not include probation.  Nor did his sentence deprive him of any liberties at all that probationers often lose.  He remained as free to do as he chose, within the confines of the law, as a man who had never been convicted of anything.

The government's argument for counting a point against Gonzalez Vazquez requires two steps, first that we interpret his Washington sentence as implying that he was on probation, and second, that unsupervised probation with no restraints beyond what the law imposes on everyone be counted as "probation of more than one year" for purposes of the sentencing guideline exception for counting misdemeanor sentences as criminal history points.

Neither party has cited, and we have not found, a Washington Supreme Court or Washington Court of Appeals decision holding one way or the other on whether a suspended sentence of the sort Gonzalez Vazquez received amounts to probation.  The sentence says "suspended" and does not say "probation."  We have carefully examined the Washington statutes, without finding a clear answer. Washington has what it calls the "Probation Act," enabling its courts to grant or deny probation and impose conditions in their discretion.[15]  And in a separate provision, Washington has what it calls the "Suspended Sentence Act," enabling

---

[15] *See* Probation Act, Wash. Rev. Code. § 9.95.200 et seq.

courts to suspend sentences and in their discretion assign probation officers to supervise convicted defendants.[16] Washington has held that the Suspended Sentence Act and the Probation Act are distinct, that the Probation Act did not repeal by implication the Suspended Sentence Act, and that where a court suspended a sentence even with conditions but did not mention probation, the suspended sentence established "absolutely nothing indicating that the court was using the Probation Act in suspending the appellant's sentence."[17]   Subsequent cases leave room for argument on whether a suspended sentence may imply probation, but whatever argument there may be has not, so far as we can find, been resolved by any Washington Supreme Court or Washington Court of Appeals decision.

Thus we do not know with certainty whether Gonzalez Vazquez was, by implication from his suspended sentence, sentenced to probation for his prior "driving while license suspended" conviction.  We could avoid the issue, perhaps, if federal law established clearly that unsupervised probation with no restraints beyond what the law imposes on everyone amounts to a "term of probation" under the sentencing guidelines, but it does not.  We have no circuit law directly on point.   The other circuits are divided,[18] but the circuit

---

[16] *See* Suspended Sentence Act, Wash. Rev. Code. § 9.92.060 et seq.

[17] *State v. Davis*, 355 P.2d 344, 348 (Wash. 1960).

[18] *Compare Harris v. United States*, 204 F.3d 681 (6th Cir. 2000) (holding that an Ohio sentence suspended "provided no convictions" is "probation" under the guidelines), *and United States v. Binford*, 108 F.3d 723 (7th Cir. 1997) (holding that an Illinois sentence of court supervision is "probation" under the guidelines), *and United States v. Lloyd*, 43 F.3d 1183 (8th Cir. 1994) (holding that an Illinois sentence of conditional

addressing a state statute most similar to Washington's holds that a stay of imposition of sentence without any supervision or conditions beyond compliance with the law does not amount to "probation" under the guidelines.[19]

We held in *United States v. Gonzales*[20] that an entirely suspended sentence is not a "term of imprisonment" under the guidelines, because that term applies only to sentences "for which the defendant actually served a period of imprisonment."[21] We did not have occasion to address in *Gonzales* whether a Washington sentence for this offense suspended for more than one year ought to be treated as a sentence of probation for more than one year. We held in *United States v. McCrudden*[22] that unsupervised probation counts as probation,[23] but we have not held that a Washington suspended sentence should or should not be treated as a sentence of probation.

It is not clear from the Washington statute whether a court that suspends all or part of a sentence merely may, or must,

---

discharge is "probation" under the guidelines), *and United States v. Caputo*, 978 F.2d 972 (7th Cir. 1992) (same), *with United States v. Johnson*, 43 F.3d 1211 (8th Cir. 1995) (holding that a Minnesota stay of imposition of sentence without a term of probation is not "probation" under the guidelines).

[19] *Johnson*, 43 F.3d 1211.

[20] *United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007) (en banc).

[21] *Id.* at 942.

[22] *United States v. McCrudden*, 894 F.2d 338 (9th Cir. 1990).

[23] *Id.* at 339.

direct any supervision of misdemeanants. The statute authorizes municipal courts to "impose sentence by suspending all or a portion of the defendant's sentence or by deferring the sentence of the defendant and may place the defendant on probation . . . ."[24] The statute may someday be read by the Washington courts to imply that probation must be imposed if all or any portion of a sentence is suspended, or to imply the opposite. Neither construction has yet been made.

Because Gonzalez Vazquez's Washington "driving while license suspended" sentence did not expressly impose any probation, and Washington law does not establish that a suspended sentence implies probation, the better inference is that Gonzalez Vazquez was not sentenced to probation. The guidelines require that his driving with suspended license conviction not be counted. We therefore conclude that he

---

[24] Wash. Rev. Code § 3.50.320. Other Washington statutes relating to municipal court sentencing are similarly ambiguous. Section 3.50.330, provides that "[f]or . . . two years after imposition of sentence . . . the court shall have continuing jurisdiction and authority to suspend or defer the execution of all or any part of the sentence upon stated term, including installment payment of fines. A defendant who has been sentenced, or whose sentence has been deferred, and who then fails to appear for any hearing to address the defendant's compliance with the terms of probation when ordered to do so by the court, shall have the term of probation tolled until such time as the defendant makes his or her presence known to the court on the record." Section 35.20.255 provides that "[j]udges of the municipal court, in their discretion, shall have the power in all criminal proceedings within their jurisdiction including violations of city ordinances, to defer imposition of any sentence, suspend all or part of any sentence including installment payment of fines, fix the terms of any such deferral or suspension, and provide for such probation as in their opinion is reasonable and necessary under the circumstances of the case . . . ."

should not have received an additional point for that conviction and sentence.

**CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED.**