**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30331 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00324-RAJ-1 |
| v. | |
| VICTOR M GONZALEZ VAZQUEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 11, 2014**
Seattle, Washington

Before: McKEOWN, TALLMAN, and OWENS, Circuit Judges.

Victor Gonzalez Vazquez appeals the district court's reimposition of a 144-

month sentence (given a Guidelines range of 151-188 months) on remand following

this court's holding that the district court improperly considered Gonzalez Vazquez a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

criminal history category two in his first sentencing (thus leading to a Guidelines range of 210-262 months). *See United States v. Gonzalez Vazquez*, 719 F.3d 1086 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

We reject Gonzalez Vazquez's argument that the district court's second sentence was vindictive. The *Pearce* presumption of vindictiveness does not apply because the district court did not impose a higher sentence on remand. *North Carolina v. Pearce*, 395 U.S. 711 (1969); *United States v. Horob*, 735 F.3d 866, 870-71 (9th Cir. 2013) (holding that the *Pearce* presumption does not apply where the district court reimposes a sentence of the same duration). Nor has Gonzalez Vazquez proffered any evidence of actual vindictiveness. Neither the fact that the district court reimposed the same sentence on remand nor the district court's comment at Gonzalez Vazquez's first sentencing regarding his veracity at trial constitutes evidence of actual vindictiveness.

Gonzalez Vazquez's arguments that his sentence was substantively unreasonable and that the district court committed procedural error also fail. The district court did not abuse its discretion in imposing a 144-month sentence. This sentence is below the Guidelines range of 151-188 months that Gonzalez Vazquez agreed was appropriate at the second sentencing. *See United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc) (stating that the substantive reasonableness of a sentence is reviewed

2

for abuse of discretion). Because the district court's reasons for reimposing the 144-month sentence were sufficient, there was no plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103, 1105 (9th Cir. 2009) (noting that a sentencing court must consider all of the factors under 18 U.S.C. § 3553(a) and state reasons for imposing a sentence, and that procedural errors are reviewed for plain error where a defendant fails to object at sentencing). Here, the district court stated the accurate Guidelines range, offense level, and criminal history category, and he listed the relevant § 3553(a) factors. The district court also incorporated all of the comments made at Gonzalez Vazquez's first sentencing hearing. At the first sentencing hearing, one of the district court's proffered reasons for such a significant downward departure was "the circumstances of why you find yourself in the range of a level two," in reference to the minor nature of the driving on a suspended license offense that led Gonzalez Vazquez to be considered a criminal history category two. The district court adequately articulated his reasons for reimposing a sentence of 144 months.

**AFFIRMED.**