**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4745**

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

ANDREATTI DEJOHN BROWN,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:17-cr-00056-RAJ-RJK-1)

Argued: September 25, 2018                     Decided: November 29, 2018

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by published opinion. Judge Diaz wrote the opinion, in which Judge Niemeyer and Judge Floyd joined.

**ARGUED:** Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Christopher John Catizone, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Megan M. Cowles, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

DIAZ, Circuit Judge:

Andreatti Dejohn Brown was sentenced in the U.S. District Court for the Eastern District of Virginia following his guilty plea for possession of a firearm by a convicted felon. On appeal, Brown contends that the district court erred in calculating his criminal history category. The district court added two points to Brown's criminal history score based on a prior Virginia state conviction for which Brown received a suspended sentence conditioned upon good behavior. For the reasons that follow, we affirm.

I.

A.

Around 2:00 a.m. on February 28, 2017, a Newport News police officer pulled over Brown's car for a traffic violation. The officer smelled alcohol and observed that Brown had slurred speech and glassy eyes. After additional officers arrived, the officers administered field sobriety tests and a preliminary breath test. The breath test measured a blood alcohol content of approximately 0.23, well over the legal limit for driving in Virginia.

The officers informed Brown that he was under arrest and instructed him to put his hands behind his back. Brown attempted to flee, but officers pursued him on foot, and one officer seized and handcuffed him. The officers then recovered a firearm that had fallen from Brown's pants leg. Officers also searched the vehicle and recovered nine bags containing what later proved to be 3.59 grams of cocaine.

B.

Brown pleaded guilty to a one-count indictment alleging possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). A presentence investigation report ("PSR") gave Brown three criminal history points for a 2008 conviction in a Virginia state court for possession with intent to distribute cocaine. The PSR added two points under Section 4A1.1(d) of the Sentencing Guidelines because Brown committed the instant offense while "under a criminal justice sentence" from the 2008 conviction. The PSR noted that Brown was sentenced to ten years' incarceration for the 2008 conviction, with eight years and nine months suspended, conditioned on a period of good behavior for ten years upon release. Brown was released from custody in July 2009, and therefore his period of good behavior had not expired when he committed the federal firearms offense.

The two additional points under Section 4A1.1(d) increased Brown's criminal history category from II to III. With a total offense level of 23 and a criminal history category of III, the PSR calculated a guidelines range of 57 to 71 months.

Brown objected to the two criminal history points under Section 4A1.1(d). The district court overruled the objection and determined that a period of good behavior qualifies as being under a criminal justice sentence. After considering all the sentencing factors in the case, the court sentenced Brown to 60 months' imprisonment. This appeal followed.

## II.

The issue before us is whether a period of "good behavior" imposed as a condition of a suspended sentence is a "criminal justice sentence" for purposes of Section 4A1.1(d) of the Sentencing Guidelines. We review questions involving the legal interpretation of the Sentencing Guidelines de novo. *United States v. Stone*, 866 F.3d 219, 227 (4th Cir. 2017).

Section 4A1.1(d) of the Guidelines adds two points to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Guidelines Manual § 4A1.1(d). A "criminal justice sentence" means a sentence "having a custodial or supervisory component, although active supervision is not required for this subsection to apply." *Id.* cmt. n.4. As an example, "a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included." *Id.*

Brown argues that a good behavior requirement is not a "criminal justice sentence" because it lacks a custodial or supervisory component. We disagree.

At the time Brown committed the instant offense, he remained under a ten-year period of good behavior arising from his state court conviction. Although Brown wasn't under active supervision, he was still subject to the authority of the state court, which could revoke the suspended sentence if Brown violated the good behavior condition. Va. Code § 19.2-306. Several circuits have concluded, and we agree, that the state court's authority over Brown during this period is a supervisory component sufficient to establish a

4

"criminal justice sentence" under Section 4A1.1(d). *See United States v. Gorman*, 312 F.3d 1159, 1166-67 (10th Cir. 2002); *United States v. Labella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996).

Further supporting this reading is that there is no discernible difference between unsupervised probation, which is included in the Commentary to Section 4A1.1, and a suspended sentence conditioned upon good behavior. Although Virginia law distinguishes between probation and suspension of sentence, *see* Va. Code § 19.2-303, the Supreme Court of Virginia has likened a suspended sentence conditioned upon good behavior to unsupervised probation, *Dyke v. Commonwealth*, 69 S.E.2d 483, 486 (Va. 1952); *see also Marshall v. Commonwealth*, 116 S.E.2d 270, 273 (Va. 1960) (recognizing that the condition of good behavior "constitutes the origin and purpose of the suspension and probation statutes"). The court in *Dyke* called conditions of a suspended sentence "probation . . . in the sense that they require the defendant to observe a specified course of conduct." 69 S.E.2d at 486. This is so even though they "are not the supervised probation referred to in the [state] statute." *Id.*

Relying on Virginia's statutory framework, we have previously held in an unpublished decision that a "good behavior" requirement "is the functional equivalent to a term of unsupervised probation." *United States v. Brown*, No. 99-4062, 2000 WL 930786, at *12 (4th Cir. July 10, 2000). In that case, the defendant argued that he was not under a term of probation for purposes of Section 4A1.2(c) of the Guidelines because he was only subject to a twelve-month period of good behavior. We rejected that argument because, even though the defendant's sentence didn't refer explicitly to probation, the suspended

5

sentence was nonetheless revocable if he failed to satisfy the condition of good behavior. *Id.*

Our reasoning aligns with the decisions of our sister circuits that a sentence of unsupervised conditional release constitutes a term of unsupervised probation. *See Labella-Szuba*, 92 F.3d at 138 ("[T]here is no discernible difference between a conditional discharge sentence and a sentence of unsupervised release."); *United States v. Miller*, 56 F.3d 719, 722 (6th Cir. 1995) ("We thus hold that conditional discharge is the 'functional equivalent' of an unsupervised probation under U.S.S.G. § 4A1.1(d) . . . ."); *United States v. Lloyd*, 43 F.3d 1183, 1188 (8th Cir. 1994) ("[W]e believe the nature of a sentence of 'conditional discharge' to be the functional equivalent of 'unsupervised probation' . . . ."); *United States v. Caputo*, 978 F.2d 972, 977 (7th Cir. 1992) ("[Conditional discharge] is probation without the probation officer and that is a distinction without a difference so far as the purposes of the guideline exception is concerned.").

In urging a contrary view, Brown makes two arguments. Neither is persuasive.

First, relying on *United States v. Kipp*, 10 F.3d 1463 (9th Cir. 1993), Brown argues that "a suspended sentence, standing alone without an accompanying term of probation, is not a 'criminal justice sentence.'" *Id.* at 1467. But central to the court's conclusion in *Kipp*, as the Ninth Circuit later explained, was the fact that "no conditions whatsoever were imposed on the defendant." *United States v. Franco-Flores*, 558 F.3d 978, 982 (9th Cir. 2009). Here by contrast, there was a condition imposed on Brown—that he remain on good behavior.

6

Second, Brown argues that a condition of good behavior is not probation because it doesn't restrict his conduct beyond that required of any law-abiding individual. Brown relies on two cases for this proposition, but they are readily distinguishable based on the nuances of the state sentencing schemes. In *United States v. Gonzalez Vazquez*, 719 F.3d 1086 (9th Cir. 2013), the court held that the defendant was not sentenced to probation where "Washington law does not establish that a suspended sentence implies probation." *Id.* at 1092. Likewise, in *United States v. Johnson*, 43 F.3d 1211 (8th Cir. 1995), the court held that a stay of imposition of sentence without an attendant term of probation was not probation. *Id.* at 1215. Tellingly, that court relied on the "unique Minnesota sentencing scheme" to distinguish a prior Eighth Circuit precedent holding that conditional discharge is the functional equivalent of unsupervised probation. *Id.* at 1215-16 (citing *Lloyd*, 43 F.3d at 1187-88).

In contrast to these two cases, Virginia law tells us that "a suspended sentence predicated upon 'good behavior' is functionally the same as unsupervised probation." *Brown*, 2000 WL 930786, at *12. As a result, a suspended sentence in Virginia conditioned on a period of good behavior is a criminal justice sentence for purposes of Section 4A1.1(d).

## III.

For the reasons given, we affirm the judgment of the district court.

*AFFIRMED*

7