UNITED STATES of America, Appellee,

v.

Lawrence A. WAJDA, Appellant.

No. 92–3752.

United States Court of Appeals,
Eighth Circuit.

Submitted July 21, 1993.

Decided Aug. 20, 1993.

Rehearing Denied Sept. 23, 1993.

Daniel M. Scott, Federal Public Defender, of Minneapolis, MN, argued, for appellant.

Elizabeth L. De La Vega, Asst. U.S. Atty., Minneapolis, MN, argued (Francis X. Hermann, U.S. Atty., on the brief), for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Lawrence A. Wajda appeals the concurrent thirty-month sentences imposed on him by the district court[1] following his guilty pleas to possessing cocaine with intent to distribute and to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). He argues the district court erred in calculating his criminal history category. We affirm.

In calculating Wajda's criminal history category, the PSR assessed seven criminal history points: one point for a 1982 fourth-degree-assault conviction in a county court in Minnesota; three points for 1986 drug convictions in federal district court in Minnesota; two points for committing the instant offenses while on parole, see U.S.S.G. § 4A1.1(d); and one point for committing the instant offenses less than two years following release from imprisonment, see U.S.S.G. § 4A1.1(e). With a total offense level of 15 and a criminal history category of IV, the Guidelines range was 30 to 37 months. The district court adopted the provisions of the PSR and sentenced Wajda to concurrent thirty-month prison terms and concurrent six-year supervised release terms.

Wajda argues on appeal that the district court erred in assessing one criminal history point for the 1982 assault charge without conducting an evidentiary hearing to determine whether such charge actually resulted in a conviction or was dismissed. Wajda also argues that the district court erred in assessing one criminal history point for committing the instant offense less than two years following his release from imprisonment. Wajda asserts that he should have been released on parole on May 12, 1990 (more than two years prior to the commission of the instant offense on June 10, 1992), but because of the government's illegal conduct, he was not released until November 1990, after the United States District Court ordered his release. He argues that the government should not now be allowed to enhance his punishment for a guideline factor that would not have existed but for the government's unlawful conduct.

■ The district court did not err in assessing one criminal history point for the 1982 assault conviction without first conducting an evidentiary hearing to determine whether the charge actually resulted in a conviction. A district court is not required to make a factual finding of any matter contained in the PSR unless the defendant objects to such matter with "specificity and clarity." *United States v. Toirac*, 917 F.2d 11, 13 (8th Cir.1990). Here, the attorney who represented Wajda in the district court originally raised the issue in a letter to the probation officer. He later told the same probation officer, however, that he would not be filing a "position paper" with the court because he had no objections to the PSR. At the sentencing hearing, Wajda's attorney told the district court that he saw the microfilm of the document on which the probation officer had based the one-point assessment and he concluded that the probation officer was correct. Although Wajda's attorney also told the district court that Wajda had papers in his possession showing that a parole board had found differently than the probation officer, he did not produce any documentation of the parole board's action. Wajda's objection to the one-point assessment (if one was made at all) was not clear and specific.

■ Because Wajda failed to object properly to the one-point assessment, we lack authority to consider the question unless "(1) the district court committed an error, i.e.,

1. The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota.

deviated from a legal rule, (2) the error is plain, i.e., clear under current law, and (3) the error affected [Wajda's] substantial rights." *United States v. Montanye*, 996 F.2d 190, 192 (8th Cir.1993) (en banc). Wajda has failed to show that the district court committed an error. *See United States v. Ragan*, 952 F.2d 1049, 1049 (8th Cir.1992) (per curiam) (burden of proving plain error is on party asserting it). The PSR indicated that the assault charge resulted in a conviction: Wajda pleaded guilty and received a sentence that was stayed for one year. Wajda's attorney told the district court that he saw the document on which the probation officer based her report and that the probation officer was correct. Wajda has not produced any evidence (in the form of an affidavit from the attorney involved in the 1982 case, a parole board decision, or otherwise) showing that the document relied on by the probation officer was incorrect and that the assault charge was actually dismissed.

Because Wajda failed to object to the PSR's assessment of one criminal history point for committing the instant offenses less than two years following his release on parole, he likewise must show that the district court's assessment of that point was plain error affecting his substantial rights. Wajda has failed to show plain error. First, Wajda provided no documentation showing, as he asserts in his brief, that a proper application of the Parole Guidelines would have resulted in his release more than two years prior to the date he committed the instant offense. Second, even if he had made such a showing, it would not amount to plain error. The Sentencing Commission's purpose in promulgating section 4A1.1(e) was to punish more severely those who commit crimes after recent release from confinement for a prior offense. *See* U.S.S.G. § 4A1.1, comment. (backg'd); *United States v. Wyckoff*, 918 F.2d 925, 927 (11th Cir.1990) (per curiam). Because the focus of section 4A1.1(e) is on the "recency" of the commission of the instant offenses, rather than on the length of confinement for the past offenses, Wajda's claim that he should have been released on parole sooner than he was is not relevant. Wajda's *actual* release date is the proper point from which the "recency" factor is calculated.