25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wilhelmena Ward ALFORD, Defendant-Appellant.
 No. 93-5073.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-71-CR-F)
 Jack B. Crawley, Jr., Raleigh, NC, for appellant.
 Rudolf A. Renfer, Jr., U.S. Atty., J. Douglas McCullough, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Wilhelmena Ward Alford pled guilty to Count One of a superseding indictment charging her with conspiring to possess crack cocaine with intent to distribute from December 1989 to May 20, 1992, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to a term of 135 months. She appeals her sentence, alleging error in the district court's determination of the drug amount, as well as its failure to award her a minimal role adjustment, and its failure to depart downward because of the racially disparate impact of the sentencing guidelines for crack cocaine offenses. We affirm.
 
 
 2
 On May 20, 1992, police intercepted an Express Mail package addressed to Alford which contained 340 grams of crack (12.5 ounces). Alford was not home when the package was delivered by a postal inspector posing as a letter carrier. Leslie Townsend accepted the package, and Michael Ervin came to the apartment during the subsequent search.
 
 
 3
 Alford pled guilty after Ervin and Townsend entered guilty pleas to conspiracy. Townsend told authorities that Alford had sold her cocaine about 100 times since 1989. Ervin said he had sent four other packages containing drugs to Alford's apartment, and that those packages contained in all, one ounce of cocaine, five ounces of crack, and seven grams of crack. He said that he had distributed another two ounces to Alford and Townsend in New York on one occasion, and that all of them had contributed toward the purchase of the 340 grams of crack in the package delivered May 20, 1992. At the joint sentencing hearing, both Townsend and Alford denied contributing any money for the 340 grams of crack and the district court did not consider the allegation.
 
 
 4
 Alford admitted selling drugs for Ervin in 1990, and admitted that after she stopped selling drugs she allowed him to use her apartment as an address where he could receive mail. She said she let him into her apartment during her lunch hour on May 20, 1992, and suspected he was to receive a package containing drugs.
 
 
 5
 Alford objected to the recommended base offense level of thirty-six (500 grams to 1.5 kilograms of crack), which took into account the drugs contained in the May 20, 1992, package and the other amounts Ervin described. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1993). Alford suggested at sentencing that Ervin was not a credible source of information, and that the 340 grams of crack in the package intercepted on May 20, 1992, was not reasonably foreseeable to her because she and Ervin had dealt in smaller amounts. The district court found that the offense level was properly calculated.
 
 
 6
 Alford renews her arguments on appeal. We review the district court's determination of the drug amount for clear error, United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990), and find none. Alford did not seriously challenge any of the information provided by Ervin which the district court considered. Because Alford aided and abetted Ervin's receipt of the May 20, 1992, package by allowing him to use her apartment, the whole amount of crack in the package is attributable to her as relevant conduct, without regard to the issue of reasonable foreseeability. U.S.S.G. Sec. 1B1.3(a)(1), comment (n.2).
 
 
 7
 Alford did not request a minimal role adjustment, U.S.S.G. Sec. 3B1.2, or a departure based on the disparate impact of the crack guidelines. On appeal, however, she contends that the district court erred in not sua sponte granting her the adjustment and a departure. Issues presented for the first time on appeal are reviewed solely for plain error. Fed.R.Crim.P. 52(b). Questions of fact capable of resolution by the district court during sentencing, such as the defendant's role in the offense, cannot constitute plain error. United States v. Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 500 U.S. 924 (1991). This Court has previously held that the disparate impact of the crack guidelines on black defendants is not grounds for a departure because Sec. 841, on which they are based, is racially neutral. United States v. Bynum, 3F.3d 769, 775 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994).
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED