**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1641

_____

United States of America,      *
                               *
        Appellee,              *
                               *      Appeal from the United
States                         *
    v.                         *   District Court for the
                               *     Eastern  District  of
Arkansas                       *
Clifton James Williams,        *
                               *         [UNPUBLISHED]
        Appellant.             *

_____

                               Submitted:   August 25, 1997
                                      Filed:   September
25, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Clifton James Williams appeals from the sentence
imposed by the United States District Court[1] for the
Eastern District of Arkansas after he pleaded guilty to
possessing a stolen firearm, in violation of 18 U.S.C.
§ 922(j).  After the district court accepted Williams's
guilty plea, a presentence report (PSR) was prepared which

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern
District of Arkansas.

indicated a Category VI criminal history based on 13 criminal history points.  In a letter to the probation officer who prepared the PSR, Williams objected to the inclusion in his

criminal history of an aggravated robbery conviction, asserting that it had been nol prossed.  At the sentencing hearing, however, Williams stated that the PSR was factually correct, indicated that he had received certified documentation of the objected-to conviction, and withdrew his objection.  The district court then sentenced Williams to 92 months imprisonment and 3 years supervised release.  On appeal, Williams argues that the district court miscalculated his criminal history category by assigning criminal history points to him based on the aggravated robbery conviction at issue and a second related conviction for aggravated robbery.  We affirm.

Because Williams failed to properly object to the PSR's assessment of points for the two aggravated robbery convictions, we review only for plain error and find none.  See United States v. Wajda, 1 F.3d 731, 732-33 (8th Cir. 1993) (per curiam) (finding no plain error where defendant objected to PSR's assessment of criminal history point in letter to probation officer, retracted objection at sentencing as counsel had seen proof of conviction, and failed to produce evidence showing document relied upon by probation officer was incorrect or that disputed charge had been dismissed).

Williams also argues that counsel performed deficiently at sentencing.  Because ineffective assistance claims are properly raised in a 28 U.S.C. § 2255 proceeding brought in the sentencing court, we do not address that claim; for this reason, we also deny Williams's pro se request to proceed on appeal under § 2255.  See 28 U.S.C. § 2255; United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995) (ineffective assistance

claims are more appropriately raised in § 2255 motions than on direct appeal).

Accordingly, we affirm Williams's conviction without prejudice to his right to raise his ineffective assistance claim in a properly filed § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.