[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1458

UNITED STATES,

Appellee,

v.

GLENN R. ELION,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joyce L. Alexander, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Leslie W. O'Brien on brief for appellant.
Donald K. Stern, United States Attorney, and Colin Owyang,
Assistant United States Attorney, on Motion for Summary
Disposition for appellee.

July 30, 2001

**Per Curiam**. Defendant Glenn Elion ("Elion") appeals a sentence imposed upon his guilty plea to a one-count information charging him with wire fraud in violation of 18 U.S.C. §§ 1343 and 2. He claims that the district court erred in enhancing his sentence beyond the base level prescribed by the United States Sentencing Guidelines (U.S.S.G.) based on facts not proven beyond a reasonable doubt in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Elion also mounts a more specific challenge to a two-level obstruction of justice increase under U.S.S.G. § 3C1.1. The government has moved for a summary affirmance pursuant to Loc. R. 27(c). After a thorough review of the record and of the parties' submissions, we allow the government's motion and summarily affirm the judgment below.

I.   Apprendi

Elion asserts that the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), by applying various sentencing enhancements to adjust base level of his offense upward from 6 to 22 without submitting the factual questions forming the bases for the increases to a jury. Since Elion failed to raise this argument before the district court, we review for plain error. United States v. Patrick, 248 F.3d 11

(1st Cir. 2001); <u>United States</u> v. <u>Robinson</u>, 241 F.3d 115, 119 (2001).

We have consistently held that <u>Apprendi</u> does not apply to guideline findings that increase the sentence but do not elevate it beyond the statutory maximum.  <u>United States</u> v. <u>Robinson</u>, 241 F.3d 115, 121 (1st Cir. 2001); <u>United States</u> v. <u>Caba</u>, 241 F.3d 98, 101 (1st Cir. 2001); <u>see</u> <u>also</u> <u>United States</u> v. <u>LaFreniere</u>, 236 F.3d 41, 50 (1st Cir. 2001). Thus, since Elion's sentence of 46 months is within 18 U.S.C. § 1343's default statutory maximum of five years, the district court committed no error, plain or otherwise.

II. <u>Obstruction of Justice</u>

Elion also challenges the two-level enhancement applied to his sentence for obstruction of justice pursuant to  U.S.S.G. § 3C1.1.  Although Elion objected to the enhancement below, he did so on different grounds than he now raises.  Accordingly, we review for plain error.

Section 3C1.1 prescribes a mandatory two-level increase in a defendant's base offense level if:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of

> conviction and any relevant conduct; or (ii) a closely related offense[.]

The district court applied the enhancement based on various material misrepresentations Elion made to federal law enforcement authorities during the course of their investigation of a Nigerian advance fee scheme in which Elion was initially involved as a victim. Elion developed his own fraud scheme (i.e., the offense of conviction) as a means to obtain funds to send to the Nigerian accounts under investigation. The misrepresentations upon which the obstruction of justice enhancement was based were made in order to avoid detection of the extent of his involvement in the Nigerian scheme and of his own sub-scheme. Elion now contends that the district court committed plain error in basing the § 3C1.1 enhancement on such conduct because it did not occur "during the course of the investigation, prosecution or sentencing" of the offense of which he was ultimately convicted, but, rather, during the course of the investigation of a separate case. We cannot find plain error. Had Elion raised the matter below, then presumably the record might have been developed to show whether, at the time Elion committed one or more of acts found to be obstructive, the investigation into the Nigerian scheme had expanded to include Elion and conduct relevant to the offense of conviction. Since these factual questions could have been

resolved by the district court had Elion presented this argument, we cannot find plain error. See United States v. Olivier-Diaz, 13 F.3d 1, 5-6 (1st Cir. 1993) ("Where the error defendant asserts on appeal depends upon a factual finding the defendant neglected to ask the district court to make, the error cannot be 'clear' or 'obvious' unless the desired factual finding is the only one rationally supported by the record below"); United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991) ("Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error").

The government's motion for summary disposition is granted. The judgment is affirmed. See Loc. R. 27(c).