**UNITED STATES of America, Appellee,**

**v.**

**Kerry CLARK, aka "Bembe", aka "Big Lips", Defendant–Appellant.**

No. 00–1360.

United States Court of Appeals, Second Circuit.

Nov. 16, 2001.

See, also, 213 F.3d 627.

Susan B. Marhoffer, Ridgefield, CT, appearing for Appellant.

Dani R. James, Assistant United States Attorney for the Southern District of New York, New York, NY, appearing for Appellee.

Present: HONORABLE FEINBERG, HONORABLE PARKER, CIRCUIT JUDGES, HONORABLE COVELLO *, DISTRICT JUDGE.

* The Honorable Alfred V. Covello, Chief Judge of the United States District Court for the District of Connecticut, sitting by designation.

COVELLO, District Judge.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant Kerry Clark appeals from the judgment of conviction and sentence entered in the district court on May 4, 2000, following a jury trial. Clark was convicted of: conspiracy to violate the federal narcotics laws, specifically 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), in violation of 21 U.S.C. § 846; participating in a racketeering enterprise in violation of 18 U.S.C. § 1962; and conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962.

■ After hearing oral argument, this Panel requested that the parties further brief the issues raised by Clark in a supplemental pro se brief concerning the impact of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on this case.

The district court sentenced Clark, principally, to 360 months imprisonment. In calculating Clark's sentence, the district court set a base offense level of 38, and imposed a two-level enhancement based on Clark's obstruction of justice, for a total offense level of 40. Placing Clark in criminal history category IV, the court sentenced Clark to 360 months imprisonment. The court apparently adopted the recommendation of the Federal Probation Office, which calculated the base offense level according to U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§ 2D1.1(a)(3) and 2D1.1(c) (1998), which provide for a base offense level of 38 upon a finding that 30 kilograms or more of heroin are involved. Clark, invoking *Apprendi*, argues that his sentence violated the Fifth and Sixth Amendments to the United States Constitution because the district court based

Clark's sentence on its finding that Clark had distributed more than 30 kilograms of heroin without having submitted that issue to the jury.

Because this argument was not raised in the district court, we review for plain error. *See* Fed.R.Crim.P. 52(b); *Johnson v. United States*, 520 U.S. 461, 464, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. White*, 240 F.3d 127, 133 (2d Cir.2001). Before we may exercise our discretion to correct an error not raised below, we must find (1) error, that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 467, 117 S.Ct. 1544. Those conditions have not been met here.

In *Apprendi*, the Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). Here, the fact that Clark contends inappropriately increased his sentence was the quantity of heroin involved in the conspiracy.

Under 21 U.S.C. § 841(b)(1)(C), a twenty-year maximum sentence applies for violations of 21 U.S.C. § 841(a)(1) absent any drug quantity determination. However, § 841(b)(1)(C) also provides that "[i]f any person commits ... a violation [of § 841(a)(1)] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years...." On August 29, 1994, Clark was convicted of criminal sale of a controlled substance in the third degree, which is a felony drug offense under New York Penal Law § 220.16 (McKinney 1994). In the first three counts of the

indictment, upon each of which the jury returned a guilty verdict, it is alleged that Clark committed various acts in furtherance of the conspiracy after the date of this conviction.

Accordingly, the maximum penalty available to the sentencing court became 30 years because of the fact of Clark's prior conviction, regardless of the amount of heroin involved. An increase of the statutory maximum on the basis of a prior conviction was specifically excepted by the *Apprendi* Court from the requirement that the fact be submitted to a jury. 530 U.S. at 488–90, 120 S.Ct. 2348. As we recently reaffirmed in *United States v. Santiago*, 268 F.3d 151, 153 (2d Cir.2001), in *Apprendi* the Supreme Court left intact the rule set forth in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a penalty enhancement for a prior felony conviction does not constitute a separate element of the offense that must be submitted to the jury, but rather a sentencing factor that may be determined by the court. *Santiago*, 268 F.3d 151, 153; *accord United States v. Latorre–Benavides*, 241 F.3d 262, 263–64 (2d Cir.2001) (per curiam) (holding that, after *Apprendi*, *Almendarez–Torres* remains good law). Therefore, despite the fact that the district court based Clark's sentence on a drug quantity finding that was not made by the jury, Clark's substantial rights were not affected. This is so because the prior conviction set the statutory maximum at 30 years and the drug quantity determination merely became a guideline factor rather than an element of the crime. *See United States v. Garcia*, 240 F.3d 180, 184 (2d Cir.2001) (per curiam) ("[A] guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury."). We

therefore decline to disturb Clark's sentence.

Clark makes several additional arguments on appeal, each of which are without merit:

■ First, he argues that the district court erred in not finding him to be a "minor participant" and not awarding him a two-level reduction under U.S.S.G. § 3B1.2(b). "Whether a defendant played a minor role in a crime is a factual question reviewed on appeal for clear error." *United States v. Castano*, 999 F.2d 615, 617 (2d Cir.1993) (per curiam). Given that evidence was submitted suggesting that Clark participated in the sale of heroin for the Maisonet organization for several years, and held a position managing street-level heroin sellers, we cannot say that the district court's finding that Clark's role was not "minor" was clearly erroneous.

Second, Clark argues that the district court erred in not granting a horizontal downward departure because the application of Note 4 to U.S.S.G. § 2E1.1 (treating certain conduct as criminal history rather than part of charged offense) in this case produces an "anomalous result" within the meaning of Note 4. A district court's refusal to grant a downward departure is normally not reviewable on appeal, unless the defendant claims that the district court was unaware of, or misconstrued, its authority under the Guidelines to grant a downward departure. *United States v. Galvez–Falconi*, 174 F.3d 255, 257 (2d Cir.1999). Clark makes no such claim here, and the record is clear that Judge Chin understood his authority. We therefore conclude that we lack jurisdiction to entertain this argument on appeal.

Third, Clark argues that the district court erred in not granting a downward departure based on the disparity in sentences between Clark and his co-defendants. There is no error here. "It is well

settled that '[d]isparity between the sentences of individual co-defendants ... is not a proper basis' for downward departure." *United States v. Tejeda*, 146 F.3d 84, 87 (2d Cir.1998) (per curiam) (quoting *United States v. Minicone*, 960 F.2d 1099, 1112 (2d Cir.1992)).

Finally, Clark argues that the evidence that he was guilty of obstruction of justice was insufficient as a matter of law and that the district court therefore erred in imposing a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Clark raises this argument for the first time on appeal. Absent plain error, an appellant "may not seek remand from this Court on a factual issue that could have been presented to the sentencing judge for consideration." *United States v. Caba*, 955 F.2d 182, 187 (2d Cir. 1992). As set forth above, we possess discretion to correct an error not raised below where there is (1) error, that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson*, 520 U.S. at 467, 117 S.Ct. 1544. Ample evidence was submitted at trial suggesting that Clark provided materially false statements to an officer of the New York City Police Department in violation of 18 U.S.C. § 1503. We therefore conclude that the district court's obstruction enhancement was not in error, especially since such an enhancement is mandatory once its factual predicates have been established. *See United States v. Friedman*, 998 F.2d 53, 58 (2d Cir.1993).

For the reasons set forth above, the judgment of the district court is AFFIRMED.