# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2567

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Donald L. Dixon, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 2004

Filed: March 11, 2004 (Corrected: 04/02/04)

_____

Before BYE, LAY, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Donald L. Dixon pleaded guilty to possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to thirty-six months imprisonment and three years of supervised release. He appeals contending the district court incorrectly added two points to his criminal history score under United States Sentencing Guideline (U.S.S.G.) § 4A1.1(e). We reverse and remand for resentencing.

I

Dixon and three other teenagers were accused of robbing and killing an elderly couple in Kansas City, Missouri, on November 27, 1983. Dixon was taken into custody days later on December 1, 1983, and remained in custody until his trial in May 1985, when a jury convicted him of two counts of first degree felony murder, two counts of armed criminal action, and one count of robbery. See State v. Dixon, 716 S.W.2d 815, 816 (Mo. Ct. App. 1986). Dixon received consecutive life sentences on the two murder counts, three-year sentences on the two armed criminal action counts to be served concurrent with each murder sentence, and a ten-year sentence on the robbery count to be served concurrent with the first murder sentence. Id.

On April 11, 2001, after serving over seventeen years in prison, Dixon's convictions for the two counts of murder and two counts of armed criminal action "were set aside by a Jackson County, Missouri, Circuit Judge, on grounds that the Jackson County Prosecutor violated the due process clause which forbids a state from using inconsistent irreconcilable theories to secure convictions against two or more defendants in prosecution for the same offense arising out of the same event." Presentence Report (PSR) at ¶ 31. See also Smith v. Groose, 205 F.3d 1045, 1052 (8th Cir. 2000) (holding the prosecutor also violated the due process rights of one of Dixon's accomplices, Jon Smith, by using "inherently contradictory theories" to obtain the convictions of Smith and another of Dixon's accomplices, Anthony Lytle). The only conviction left intact was Dixon's robbery count, and since he had completed serving that ten-year sentence on December 1, 1993, he was immediately released from prison.

On October 29, 2002, less than two years after his release, Dixon committed the instant offense for unlawfully possessing ammunition. The government brought charges against him to which he pleaded guilty, and the case proceeded to sentencing. In calculating Dixon's criminal history score, the PSR recommended adding two

points under U.S.S.G. § 4A1.1(e), which provides "[a]dd 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under [U.S.S.G. § 4A1.1](a) or (b) . . . ."

Dixon objected contending he was not serving a sentence counted under § 4A1.1(a) or (b) when he was released from prison on April 11, 2001, because the convictions underlying those sentences had been set aside for violations of the due process clause. He further contended the only sentence that counted, the ten-year robbery sentence, had expired well before he was released from prison. The PSR nonetheless recommended adding the two points, reasoning "[t]he application of these points is focused on release from confinement, not the expiration of a prior sentence." The district court agreed and added two points to Dixon's criminal history score. Consequently, Dixon received a criminal history category of III and a sentencing range of 30-37 months. Without the two points, Dixon's criminal history category would have been II, and the sentencing range would have been 27-33 months. The district court sentenced Dixon to thirty-six months. Dixon filed a timely appeal challenging the application of § 4A1.1(e).

II

We review the district court's application of the sentencing guidelines de novo, United States v. Ross, 279 F.3d 600, 603 (8th Cir. 2002), and conclude the district court erred in adding two points to Dixon's criminal history score. Dixon was not serving a sentence counted under § 4A1.1(a) or (b) at the time he was released from prison on April 11, 2001, because the convictions underlying the sentences he was serving had all been declared constitutionally invalid. See U.S.S.G. § 4A1.2 cmt. n.6 ("Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case *are not to be counted*.") (emphasis added).

-3-

The government contends our decision in United States v. Wajda, 1 F.3d 731 (8th Cir. 1993), required the district court to add two points under § 4A1.1(e). We disagree. In Wajda, the defendant contended § 4A1.1(e) did not apply to him because, although he was released from prison within two years of committing the instant offense, he should have been released on parole more than two years before he committed the instant offense. He contended the government illegally held him past his proper release date and his proper parole release date should have been used to start the two-year period under § 4A1.1(e). 1 F.3d at 732.

On appeal, we rejected Wajda's claim, making several points. First, we noted the claim was subject to plain error review because Wajda failed to object to the application of § 4A1.1(e) in the district court. Id. at 732-33. Next, we noted "Wajda provided no documentation showing, as he asserts in his brief, that a proper application of the Parole Guidelines would have resulted in his release more than two years prior to the date he committed the instant offense." Id. at 733. Finally, we held "the focus of section 4A1.1(e) is on the 'recency' of the commission of the instant offenses, rather than on the length of confinement for past offenses [and thus] Wajda's claim that he should have been released on parole sooner than he was is not relevant." Id.

None of the three points made in Wajda apply here. First, Dixon properly objected to the district court's application of § 4A1.1(e) and thus his claim is reviewed de novo rather than for plain error. Second, Dixon's claim is documented: the PSR indicates the two murder and armed criminal action counts were set aside and states the reason why, i.e., "the Jackson County Prosecutor violated the due process clause." PSR at ¶ 31. Finally, Wajda's alleged parole-date violation was directly related to a conviction which counted under the Guidelines, whereas Dixon's contention involves convictions which have been set aside and do not count. The Guidelines specifically require convictions which are reversed or vacated are not to be counted under § 4A1.1(a) or (b). See § 4A1.2 cmt. n.6. In contrast, the Guidelines say nothing about

excluding sentences on which the government may have violated a defendant's parole release date.

In addition, although <u>Wajda</u> indicates the focus of § 4A1.1(e) is on the recency of the commission of the instant offense in relation to a release from imprisonment, this does not change the fact that § 4A1.1(e) has *two* requirements. The focus of the first requirement is on the recency of the release from imprisonment. That is, two points may be added to a defendant's criminal history score if he is released from a prior sentence within two years of the commission of the instant offense. The presence of that first requirement is not enough to trigger the two-point addition, however, for the guideline also requires the sentence the defendant is serving at the time of his release to "count" under subsections (a) or (b) of § 4A1.1. Such requirement has not been satisfied here because the convictions underlying the sentences Dixon was still serving when he was released from prison in April 2001 were set aside and do not count under (a) or (b).

The only sentence that could properly be used to trigger two points under § 4A1.1(e) was Dixon's ten-year robbery sentence. In our view, it defies logic to conclude Dixon was still serving that sentence when he was released from prison in April 2001, over seventeen years after he began serving that sentence. The district court therefore erred in adding two points to Dixon's criminal history score under § 4A1.1(e).

III

For the foregoing reasons, we reverse and remand for resentencing.

SMITH, Circuit Judge, concurring.

I fully concur in the well-reasoned opinion of the majority. I write separately only to point out that U.S.S.G. § 4A1.2 cmt. n.6, which indicates that convictions declared invalid not be counted, nonetheless permits the sentencing court to consider whether the defendant's underlying conduct warrants consideration for upward departure under U.S.S.G. § 4A1.3.

_____