# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3346

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Karen Petersen, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 29, 2008
Filed: January 8, 2009

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal following a jury trial in which Karen Petersen and her husband, Charles Petersen, were each found guilty of conspiracy to evade taxes and conspiracy to willfully fail to file a tax return, Karen Petersen (Petersen) challenges (1) the sufficiency of the evidence to support her conviction and (2) the district court's[1] application of the Guidelines at sentencing.

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

We first conclude that the evidence was sufficient to support the jury's guilty verdict. See United States v. Hamilton, 332 F.3d 1144, 1148-49 (8th Cir. 2003) (in reviewing sufficiency of evidence to support guilty verdict, this court views evidence in light most favorable to government, resolving all conflicts and accepting all reasonable inferences in favor of verdict; verdict will be upheld if any reasonable interpretation of evidence could lead reasonable jury to find guilt beyond reasonable doubt). Based on the evidence at trial, the jury reasonably could have found that Petersen did not have a good faith belief in the lawfulness of her actions and that she knowingly, willfully, and in agreement with her husband engaged in affirmative acts for the purpose of evading taxes and avoiding filing obligations, which resulted in a tax deficiency. In addition, because she was charged with conspiracy offenses, the jury was not required to find that she personally had an obligation to file a tax return. See United States v. Schoppert, 362 F.3d 451, 454 (8th Cir. 2004) (elements of tax evasion are (1) willfulness, (2) existence of tax deficiency, and (3) affirmative act constituting evasion or attempted evasion of tax); United States v. Nichols, 151 F.3d 850, 851 (8th Cir. 1998) (elements of conspiracy are (1) agreement to achieve illegal purpose, (2) defendant's knowledge of agreement, and (3) defendant's knowing participation in conspiracy); United States v. Gleason, 726 F.2d 385, 388 (8th Cir. 1984) (per curiam) (elements of willful failure to file tax return are (1) failure to file return and (2) willfulness).

We further conclude, for the following reasons, that the district court properly applied the Guidelines in sentencing Petersen.

The district court did not clearly err in its determination of the relevant amount of tax loss, particularly in light of the evidence at trial regarding an audit conducted by the Internal Revenue Service of the Petersens and their trust. See U.S.S.G. § 2T1.1, comment. (n.1) ("tax loss" includes interest and penalties in cases involving willful evasion or willful failure to pay; in some cases, amount of tax loss may be uncertain; Guidelines contemplate that court will simply make reasonable estimate

-2-

based on available facts); United States v. Radtke, 415 F.3d 826, 841 (8th Cir. 2005) (sentencing court's determination of amount of loss is reviewed for clear error). Moreover, Petersen did not show that the tax deductions she proposed were appropriate. Cf. United States v. Gordon, 291 F.3d 181, 187-88 (2d Cir. 2002) (defendant bears full burden of proof in establishing appropriateness of unclaimed deduction).

The district court did not clearly err in finding that Petersen and her husband used their trust to convert checks to cash and to money orders for the purpose of concealing income and assets; accordingly, the court did not err in applying a sentencing enhancement for tax offenses involving sophisticated means. See U.S.S.G. § 2T1.1, comment. (n.4) (conduct such as hiding assets or transactions, or both, through use of fictitious entity ordinarily indicates sophisticated means); United States v. Rouillard, 474 F.3d 551, 555 (8th Cir. 2007) (findings of fact reviewed for clear error; interpretation and application of Guidelines reviewed de novo); United States v. Brooks, 174 F.3d 950, 958 (8th Cir. 1999) (affirming application of sophisticated-means enhancement where defendant had taken steps to conceal his ownership of property and evade his tax obligations, even though court recognized that defendant "could have taken even more intricate steps to avoid payment of his federal income taxes").

The district court did not plainly err in increasing Petersen's offense level for obstructing justice, because it was undisputed that she had failed to appear as ordered for a scheduled sentencing hearing. See U.S.S.G. § 3C1.1, comment. (n.4(e)) (among examples of conduct warranting obstruction adjustment is willful failure to appear, as ordered, for judicial proceeding); United States v. Cramer, 414 F.3d 983, 989 (8th Cir. 2005) (defendant's failure to object to specific alleged fact in PSR allows district court to accept fact as true for purposes of sentencing); United States v. Dixon, 360 F.3d 845, 847 (8th Cir. 2004) (defendant's failure to object to application of Guidelines provision in district court results in plain-error review on appeal).

The district court did not clearly err in finding that a reduction for acceptance of responsibility was not warranted. Although Petersen's decision to proceed to trial did not automatically preclude her from consideration for this reduction, see U.S.S.G. § 3E1.1, comment. (n.2), that decision plus other relevant factors noted by the district court at sentencing were more than sufficient to support the denial of this reduction. See United States v. Jones, 539 F.3d 895, 897 (8th Cir. 2008) (determination as to acceptance of responsibility is factual finding that appellate court reviews only for clear error); United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005) (factual determination on whether defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation).

Finally, the district court did not clearly err in finding that a reduction for a mitigating role in the offense was not warranted. See U.S.S.G. § 3B1.2, comment. (n. 3(A)) (section applies to defendant who "plays a part in committing the offense that makes him [or her] substantially less culpable than the average participant"); United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001) (district court's determination whether defendant was minor or minimal participant may be reversed only for clear error).

The judgment is affirmed.

_____