**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**November 9, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAUN J. SALAZAR,

    Defendant - Appellant.

No. 11-3014

(D. Kan.)
(D.C. No. 2:08-CR-20084-MLB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

Shaun Salazar pled guilty to being a felon in possession of a firearm in violation of

18 U.S.C. § 922(g)(1). The district court sentenced him to 115 months imprisonment.

He appeals from his sentence, claiming the district court erred in calculating his offense

level and in imposing an unreasonable sentence. We affirm.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id*.

## BACKGROUND

Salazar was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Prior to sentencing, he consented to the revocation of his pretrial release and agreed to surrender to authorities.  However, he absconded and remained a fugitive for more than nine weeks before authorities found and arrested him.

At sentencing, Salazar did not object to the presentence report (PSR), which calculated his total offense level to be 26.  The calculation included a two-point upward adjustment for obstruction of justice under U.S.S.G. §3C1.1[1] (failing to surrender).  Although Salazar pled guilty,[2] the PSR gave him no adjustment for acceptance of responsibility.

Salazar requested a sentence below the guideline range, but the district court refused, saying:

> You know, there's so many things that I would have considered had he not absconded.  I might have considered other things.  But once – that was a promise he made to me and he broke it. . . . And I'm just not going to – I would never consider a downward variance or downward departure under those circumstances.

---

[1] Salazar was sentenced pursuant to the 2010 edition of the United States Sentencing Commission Guidelines Manual.  All citations to the guidelines in this decision refer to the 2010 guidelines unless otherwise indicated.

[2] Salazar's brief also contends he admitted to possession of the firearm and cites Paragraph 8 of the "Offense Conduct" section of the PSR for support.  We do not see any support for this factual assertion in Paragraph 8.  Paragraph 9 comes closer when it notes "Trooper Berner informed SALAZAR about the recovered firearm and SALAZAR made a spontaneous statement that he didn't want to get caught with the gun and he didn't want to go back to prison."  (R. Vol. III at 6.)  But that statement does not fully and fairly admit possession of the firearm.  In any event, whether Salazar admitted to possession does not alter our analysis or conclusion.

(R. Vol. II at 36-37.)

With a total offense level of 26 and criminal history category of V, the advisory guideline range was 110-137 months. However, because the statutory maximum sentence was 120 months, the sentencing range open to the district court was 110-120 months. It imposed a 115-month sentence.

## DISCUSSION

Salazar contends the court erred in (A) calculating his offense level; (B) imposing a procedurally unreasonable sentence; and (C) imposing a substantively unreasonable sentence.

A.    Offense Level

He argues the district court erred in adding two points to his offense level under USSG §3C1.1 for "obstructing or impeding the administration of justice" and refusing to subtract three points from his offense level for acceptance of responsibility under USSG §3E1.1. We see no error.

Salazar concedes he did not object to the procedural reasonableness of his sentence; therefore, our review is for plain error. As there was no error (step one of the plain error analysis), Salazar merits no relief. *See United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir.), *cert. denied*, 130 S. Ct. 395 (2009); *United States v. Hamilton*, 510 F.3d 1209, 1218 (10th Cir. 2007). In reaching our conclusion, we review the district court's interpretation of the guidelines de novo, and its factual determinations for clear error. *United States v. Hawley*, 93 F.3d 682, 686-87 (10th Cir. 1996).

A two-point upward adjustment is appropriate when "the defendant willfully

obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction . . . ." USSG §3C1.1. This adjustment applies to "escaping or attempting to escape from custody before trial or sentencing," or "willfully failing to appear, as ordered, for *a judicial proceeding*." *Id.* cmt. 4(E) (emphasis added). It is also appropriate when a defendant must be arrested because of his failure to return for sentencing in accord with a conditional-release order. *United States v. Williams*, 374 F.3d 941, 947-48 (10th Cir. 2004).

By absconding, Salazar missed his scheduled sentencing hearing. This brings his conduct within a straightforward reading of comment 4(E) of USSG §3C1.1. He also failed to surrender by the deadline in the district court's order, making the §3C1.1 adjustment appropriate under *Williams*. *See Williams*, 374 F.3d at 948 ("To hold otherwise would condone direct disobedience of a court's . . . order."). In addition, he repudiated any acceptance of responsibility – and forfeited the three-point reduction he would have otherwise received for it – when he fled and failed to appear for sentencing. *See* USSG §3E1.1, cmt. 3 (a guilty plea "constitute[s] significant evidence of acceptance of responsibility" but "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility"). The district court did not err in calculating his offense level.

B.    Downward Departure or Variance

Salazar next argues his sentence is procedurally unreasonable because the district

court refused to consider a downward departure or variance.[3]  We do not agree.

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).  "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007).  Yet a sentencing court's decision to apply a guidelines sentence does not require lengthy explanation.  *Rita v. United States*, 551 U.S. 338, 356 (2007); *Hamilton*, 510 F.3d at 1218.  Indeed, no specific discussion of the § 3553(a) factors is "required for sentences falling within the ranges suggested by the Guidelines." *Hamilton*, 510 F.3d at 1218.

Here, although the sentencing judge did not specifically refer to any of the § 3553(a) factors, he did—contrary to Salazar's argument—entertain Salazar's arguments for a more lenient sentence.  Although the judge said "I would never consider a downward variance or downward departure," (R. Vol. II at 36-37) context makes clear that he actually considered and rejected Salazar's plea for lenience.[4]  In effect the judge

---

[3] Salazar again concedes our review is for plain error.  And again, there was no error.  *See Poe*, 556 F.3d at 1128; *Hamilton*, 510 F.3d at 1218.

[4] Salazar asks us to consider the reasoning used in *United States v. Corum*, 354 Fed. App'x 957 (6th Cir. 2009).  Even if we were to consider an unpublished order from another circuit, *Corum* is inapposite because here the sentencing judge considered and

said, because Salazar chose to abscond he would not get lenient treatment.  Moreover, at sentencing, Salazar did not contend a guideline sentence was inappropriate.  Therefore, the district court was not required to elaborate on the reasons a guidelines sentence was appropriate under the § 3553(a) factors.  *See Rita*, 551 U.S. at 357 ("Unless a party contests the Guidelines sentence generally under § 3553(a)—that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way—or argues for departure, the judge normally need say no more.").

C.      Substantive Reasonableness

Finally, Salazar argues his sentence is substantively unreasonable because the guidelines produced a sentence near the statutory maximum in spite of mitigating factors.  We reject that argument.

We review substantive reasonableness for an abuse of discretion, regardless of whether the issue was raised before the sentencing court.  *United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007).  An inquiry into substantive reasonableness considers "whether the length of the sentence is reasonable . . . in light of the factors set forth in 18 U.S.C. § 3553(a)."  *Huckins*, 529 F.3d at 1317 (quotations and citations omitted).   Because Salazar received a guidelines sentence, it is "entitled to a presumption of reasonableness" on appeal.  *United States v. Sutton*, 520 F.3d 1259, 1262 (10th Cir. 2008).  "The defendant may rebut this presumption by showing that his sentence is unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)."

rejected Salazar's request for lenience.

- 6 -

*United States v. Alapizco–Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008).

Salazar has not rebutted the presumption of reasonableness. Contrary to his argument, his crime was not "fairly mitigated;" (Appellant's Br. at 22.) rather, his extensive criminal history, possession of a firearm with an obliterated serial number, and decision to abscond fairly demanded a condign sentence. Even if the guidelines might occasionally produce an unreasonable sentence in a case presenting substantial mitigating factors, this is not such a case. There was no abuse of discretion.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge