PRADO, Circuit Judge,
concurring:
I write separately to discuss the court’s review (or rather, the lack thereof) of Claiborne’s claim that the district court erred in applying the obstruction of justice enhancement under U.S.S.G. § 3C1.1.
Generally, failure to object to an error at the district court limits this court’s review to plain error. United States v. Villegas, 404 F.3d 355, 358 (5th Cir.2005) (per curiam); see also Fed.R.Crim.P. 52(b). This standard requires that the defendant show (1) error, (2) that is clear or obvious, (3) and that affects his substantial rights; (4) if the elements are satisfied, this court may exercise its discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). In this case, the court declines to review Claiborne’s claimed error as to the application of the obstruction of justice enhancement based on the rule from United States v. Lopez, 923 F.2d 47 (5th Cir.1991) (per curiam), that “ ‘[questions of fact[1] capable of resolution by the *441 district court upon proper objection at sentencing can never constitute plain error.’ ” Per Curiam Op., supra, at 438 (quoting Lopez, 923 F.2d at 50) (footnote added). Yet, we have not relied exclusively on this rule in reviewing unobjected-to applications of Guidelines enhancements.
In United States v. Pattan, 931 F.2d 1035 (5th Cir.1991), this court addressed, in the context of the district court’s enhancement under § 3C1.1, “whether, under the plain error standard, [it] should evaluate the adjustments based solely on the factual findings actually made by the trial judge or whether [it] should consider the entire record when [it] evaluate^] the adjustments.” Id. at 1042-43. It resolved that, “[g]iven the minimal nature of our review, we find it appropriate to consider all of the evidence in the record supporting the adjustments, and will uphold the adjustments if the record as a whole demonstrates that the adjustments did not result in a miscarriage of justice.” Id. at 1043. Plain error has previously been described by this court as “error so obvious that our failure to notice it would seriously affect the fairness, integrity, or public reputation of the judicial proceedings and result in a miscarriage of justice.” United States v. Peltier, 505 F.3d 389, 391 n. 3 (5th Cir.2007) (alteration and internal quotation marks omitted). My reading of Pattan is that unobjected-to errors in the application of the Guidelines are to be reviewed under the typical plain error standard of Rule 52(b).
Neither the rule from Lopez nor the plain error review suggested in Pattan, however, has been consistently adhered to by our court; in fact, this court has more often applied plain error analysis to review of an unobjected-to enhancement under § 3C1.1.[2] Compare United States v. Akinosho, 285 Fed.Appx. 128, 130 (5th Cir.2008) (applying Lopez) with United States v. Stevenson, 97 Fed.Appx. 468, 470 (5th Cir.2004) (conducting a typical plain error analysis) and United States v. Huerta, 182 F.3d 361, 366 (5th Cir.1999) (same). Where, as here, two lines of precedent conflict, our rule is to follow the earlier opinion. United States v. Wheeler, 322 F.3d 823, 828 n. 1 (5th Cir.2003). Therefore, because Lopez predates Pattan, the court is correct to apply Lopez and foreclose review. Nonetheless, I believe the Lopez rule to be inferior and think that our review of unobjected-to enhancement under the Guidelines ought to be for plain error.
The Supreme Court has stated that “[a] rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically *442 urged would be out of harmony with ... the rules of fundamental justice.” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alteration and ellipsis in original) (internal quotation marks omitted). In so doing, it drew on its prior opinion in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).
Ordinarily an appellate court does not give consideration to issues not raised below. For our procedural scheme contemplates that parties shall come to issue in the trial forum vested with authority to determine questions of fact. This is essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues which the trial tribunal is alone competent to decide; it is equally essential in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.
Hormel, 312 U.S. at 556, 61 S.Ct. 719. However, as the Court went on to say, “[rjules of practice and procedure are devised to promote the ends of justice, not to defeat them.” Id. at 557, 61 S.Ct. 719. Continued adherence to the Lopez rule does just that. It defeats the ends of justice by eschewing plain error’s balance of the competing concerns that errors be pressed in the district court before being pursued here and that our rules do not allow for miscarriages of justice.[3] The Lopez rule replaces this nice balance with a rigid rule that insulates from this court’s review misapplication of sentencing enhancements.
Moreover, the Lopez rule puts us out of step with our sister circuits, as no other circuit court adheres to the Lopez rule. Each of the other circuit courts has articulated that unobjected-to Guideline enhancements are to be reviewed for plain error.[4] In United States v. Montgomery, 379 Fed.Appx. 527 (6th Cir.2010), the Sixth Circuit noted, “[sjeveral circuits have held that ‘questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error.’” Id. at 530 (alteration omitted) (quoting Lopez, 923 F.2d at 50) (citing United States v. Bush, 405 F.3d 909, 922 (10th Cir.2005); United States v. Elion, 15 Fed.Appx. 14, 16 (1st Cir.2001); United States v. Alford, 25 F.3d 1041 (4th Cir.1994)). In Montgomery, the court chose not to “go that far” and resolved the case on plain error analysis. Montgomery, 379 Fed.Appx. at 530. Additionally, since Bush, Elion, and Alford, each of these circuits has used the typical plain error *443 review in analyzing unobjected-to enhancements under § 3C1.1. See United States v. Salazar, 446 Fed.Appx. 110, 112 (10th Cir.2011); United States v. Shawakha, 410 Fed.Appx. 658, 663-64 (4th Cir.2011); United States v. Villafane-Jimenez, 410 F.3d 74, 84 n. 9 (1st Cir.2005). It is clear then that the courts that have dabbled with the Lopez rule, including our own, have moved away from it.
Finally, this is not merely an esoteric argument about the role of this court in reviewing sentencing decisions of the district courts or about the proper balance between competing procedural concerns. Failure to review Claiborne’s claim that the district court misapplied the obstruction of justice enhancement will cost Claiborne months, if not years, of additional time in prison because in my opinion, plain error exists on these facts.
The obstruction enhancement requires willful conduct on the part of the defendant to whom it is applied. ■ U.S.S.G. § 3C1.1. This court has previously found such willful conduct where the defendant “actively participated” in the escape attempt. See United States v. Cisneros, 112 F.3d 1272, 1280 (5th Cir.1997).[5] Given that Claiborne did not unbuckle his seat-belt, agree to help Weldon escape, respond to his questions about escaping, or talk about escaping, there is no evidence that Claiborne plotted an escape or aided and abetted Weldon in doing so. Cf. Cisneros, 112 F.3d at 1279-80. Therefore, it was clear error for the district court to have applied the obstruction enhancement to Claiborne.
This finding does not end the inquiry. Because Claiborne failed to object to the obstruction enhancement’s application at the district court, he must show a “reasonable probability that, but for the district court’s misapplication of the Guidelines, [Claiborne] would have received a lesser sentence.” Villegas, 404 F.3d at 364. Absent the misapplication of the obstruction enhancement, Claiborne’s total offense level would have been 25 and his Guidelines range would have been 57 to 71 months. See U.S.S.G. ch. 5, pt. A. Although the correct and incorrect Guidelines ranges overlap, Claiborne’s sentence was not in the overlapping range. His 78-month term of imprisonment was seven months greater than the maximum recommended sentence by the correct Guidelines range.
The facts of this case lead me to conclude that there is a “reasonable probability” that Claiborne would have received a lesser sentence absent the district court’s misapplication of the obstruction enhancement. The district court neither indicated that it would have imposed the same sentence as an alternative sentence nor expressed an intent to go outside the Guidelines range. Cf. United States v. Bonilla, 524 F.3d 647, 656 (5th Cir.2008) (stating that when the district court imposes a non-Guidelines sentence that does not directly result from an error in calculating the Guidelines, a sentence may be affirmed). In fact, the district court specifically de *444 nied the Government’s request for an above-Guidelines sentence, stating that it was not departing from the Guidelines because the range was “fair and reasonable.” Therefore, I would find the third prong of plain error—effect on defendant’s substantial rights—met. See United States v. Carrizales-Jaramillo, 303 Fed.Appx. 215, 217 (5th Cir.2008) (per curiam) (finding reversible plain error where the incorrect Guidelines range (30-37 months) and correct Guidelines range (24-30 months) overlapped by one month but the defendant’s sentence (31 months) was not within the correct Guidelines range, and the district court did not indicate that it would have imposed the same sentence or express an intent to sentence above the Guidelines range). Finally, the sentencing error “seriously affected the fairness, integrity, or public reputation of judicial proceedings” because it “clearly affected the [defendant’s] sentence.” United States v. Gonzales, 484 F.3d 712, 716 (5th Cir.2007) (alteration and internal quotation marks omitted).
Although the court applies the correct rule under our earliest-case-controls rule, the rule applied is a bad one and one that for Claiborne, results in a miscarriage of justice.

. In her concurrence, Chief Judge Jones emphasizes the special role the sentencing court plays in finding facts, a role which I do not challenge. It should be noted, however, that the issue of whether the determination that § 3Cl.l's requirements are met is not so clearly a question of fact. The court correctly, based on this circuit’s earliest-case controls rule, holds that " '[a] district court’s determination that a defendant has obstructed justice is a factual finding.’ ” Per Curiam Op., supra, at 438 (quoting United States v. Cisneros, 112 F.3d 1272, 1279 (5th Cir.1997)); cf. United States v. Paden, 908 F.2d 1229, 1236 (5th Cir.1990) ("[Tjhe district court’s determination [that a two-level enhancement under § 3C1.1] is subject to the 'clearly erroneous’ standard of review.”). However, there is an intra- and an inter-circuit split as to whether a § 3C1.1 determination is to be reviewed as a question of fact or as a question of law. Compare Cisneros, 112 F.3d at 1279 (question of fact) with United States v. Brown, 470 F.3d 1091, 1093-94 (5th Cir.2006) (question of law: "For an obstruction-of-justice enhancement, the district court’s factual findings—its findings as to what acts were performed—are reviewed only for clear error .... A ruling that those findings permit an obstruction-of-justice enhancement is a question of law, reviewed de novo.”); compare United States v. Mabie, 663 F.3d 322, 334 (8th Cir.2011) (determination that the § 3C1.1 enhancement applies is a question of law/reviewed de novo), United States v. Doe, 661 F.3d 550, 565 (11th Cir.2011) (same), United States v. Taylor, 637 F.3d 812, 817 (7th Cir. 2011); United States v. Cordova Barajas, 360 F.3d 1037, 1043 (9th Cir.2004), United States v. Villarman-Oviedo, 325 F.3d 1, 16 (1st Cir. 2003), United States v. Brown, 321 F.3d 347, 351 (2d Cir.2003), and United States v. Jones, 308 F.3d 425, 427 (4th Cir.2002), with United States v. Jackson-Randolph, 282 F.3d 369, 390 (6th Cir.2002) (question of fact reviewed for clear error); see also United States v. Henry, 557 F.3d 642, 645 (reviewed for due deference); United States v. Bedford, 446 F.3d 1320, 1324 (10th Cir.2006) (mixed question of law and fact that is reviewed for clear error). As there is substantial authority that § 3C1.1 determinations are, at the very least, mixed *441 question of law and fact that are to be reviewed de novo, Chief Judge Jones overstates the interference with district courts that our court would have by reviewing these types of questions.

. Chief Judge Jones states in her concurrence that "[t]he majority of the recent unpublished opinions follow Lopez," but she does not confine her universe to the specific context of the obstruction of justice enhancement under § 3C1.1; she also includes a host of other determinations made by district judges under the Guidelines. See Jones Op., supra, at 439 n. 1. I am not suggesting that every determination made under the Guidelines needs to be reviewed for plain error, but there is a distinction between "minor, detailed, [and] interstitial question^] of sentencing law,” which are given "due deference,” Buford v. United States, 532 U.S. 59, 64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), and "interpretive question[s]” requiring application of the Guidelines such as the enhancing a defendant’s sentence for obstructing justice or making a "downward adjustment for acceptance of responsibility.” See United States v. McLaughlin, 378 F.3d 35, 38 n. 1 (1st Cir.2004); see also United States v. Vasquez, 389 F.3d 65, 73-75 (2d Cir.2004).

. Proving plain error is no easy feat. As this court has previously stated, "[t]he burden of showing plain error is a heavy one.” United States v. Andrews, 22 F.3d 1328, 1341 (5th Cir. 1994) (internal quotation marks omitted). It requires error that is "so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings.” Lopez, 923 F.2d at 50. The "high bar” erected, United States v. Morin, 627 F.3d 985, 1000 (5th Cir.2010) (internal quotation marks omitted), gives defendants great incentive to raise error before the district court while allowing this court to step in and correct those substantial errors that demand amelioration.

. See, e.g., United States v. Sahakian, 446 Fed. Appx. 861, 863 (9th Cir.2011); United States v. Jumah, 599 F.3d 799, 811 (7th Cir.2010); United States v. Poe, 556 F.3d 1113, 1128 (10th Cir.2009); United States v. Massey, 443 F.3d 814, 818 (11th Cir.2006); United States v. Villafane-Jimenez, 410 F.3d 74, 84 n. 9 (1st Cir.2005); United States v. Dixon, 360 F.3d 845, 847 (8th Cir.2004); In re Sealed Case, 349 F.3d 685, 690 (D.C.Cir.2003); United States v. Brennan, 326 F.3d 176, 200 (3d Cir.2003); United States v. Clark, 28 Fed.Appx. 34, 37 (2d Cir.2001); United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998); United States v. Barajas-Nunez, 91 F.3d 826, 830 (6th Cir.1996).

. See also United States v. Whorton, 79 Fed. Appx. 1, at *1 (5th Cir.2003) (per curiam) (affirming the application of the obstruction enhancement where the defendant had scraped mortar from the bricks near his bed and then covered the scraped area with toothpaste because the defendant acted "voluntarily and intentionally” (internal quotation marks omitted)); United States v. Bamum, 15 F.3d 181 (5th Cir.1994) (per curiam) (affirming the application of the obstruction enhancement where shoes were delivered to the defendant while he was in custody that contained hacksaw blades hidden in the soles because although the defendant claimed no knowledge of the shoes, the evidence supported the logical and reasonable inference that the defendant participated in a scheme to have the shoes containing the blades delivered to him).